## Edward A. Anderson, Appellant, v. John Hancock Mutual Life Insurance Company, Appellee.

### Gen. No. 41,995.

Heard in the second division of this court for the first district at the October term, 1941. Opinion filed November 17, 1942. Rehearing denied December 8, 1942.

WILLIAM J. CONDON, of Chicago, for appellant; PETER D. GIACHINI and ODE L. RANKIN, both of Chicago, of counsel.

ECKERT & PETERSON, of Chicago, for appellee; TOM LEEMING and RICHARD V. HENRY, JR., both of Chicago, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

Plaintiff sued as beneficiary under three industrial type life insurance policies written by defendant upon

the life of Effie L. Anderson, aggregating $1,010. At the close of plaintiff's case and again when all the evidence had been concluded, defendant moved for a directed verdict. The court reserved the motion and submitted the cause to the jury, who disagreed and were discharged. Thereafter defendant's motion for a directed verdict was continued for hearing and upon further consideration was allowed, and judgment was entered for defendant and against plaintiff for costs, from which this appeal is taken.

At the time of Effie L. Anderson's death June 14, 1939, the premiums on all three policies had been fully paid. Adequate proof of death and claim on the policies was made by plaintiff, and the policies were attached and made a part of his statement of claim. Defendant admitted plaintiff's *prima facie* right to recover under the policies, but averred as a matter of affirmative defense that the policies were void by reason of the breach of certain conditions enumerated therein, under which the policies would become void for any of the following reasons: (1) if, prior to issuance, the insured had cancer; (2) if, within two years prior to the issuance of the policies, the insured had been treated by a physician for a serious disease; (3) if, within two years of the issuance of the policies, the insured had had a surgical operation; (4) if, within two years of the issuance of the policies, the insured had attended a hopsital; and (5) if, upon the date of the issuance of the policies, the insured was not in good health.

The written applications for insurance made by deceased, which contained answers to various interrogatories pertaining to her health, hospitalization and medical treatment and included the physician's and inspector's reports, stating that she was in good health and a safely insurable risk, were not attached to the policies, but were retained by defendant. The affirmative defenses interposed were not predicated

upon any misrepresentation or false warranty as to the applicant's health or safety as an insurable risk by reason of any statements made in the applications for insurance, but rested on an alleged breach of the conditions stated in the policies as hereinabove set forth and were supported by evidence adduced by defendant to show that she had been hospitalized within two years prior to the issuance of the policies, had undergone a surgical operation for removal of a breast cancer, and that she was not in good health on the date when the policies were issued.

There being substantially no dispute as to the salient facts with respect to the hospitalization, medical treatment and condition of Mrs. Anderson's health (although it does not appear that she knew the nature of her disease), the court, adopting defendant's construction of section 154 of the Insurance Code of 1937 (Ill. Rev. Stat. 1939, ch. 73, par. 766 [Jones Ill. Stats. Ann. 66.829]), allowed the motion for a directed verdict and entered judgment thereon, upon the theory that the right of the defendant to assert the defenses relating to the insured's medical history as to sound health, surgery and hospitalization, as conditions precedent to the policies taking effect, was not barred by its failure to attach the applications to the policies. Section 154 of the Insurance Code is: "Misrepresentations and False Warranties.) No misrepresentation or false warranty made by the insured or in his behalf in the negotiation for a policy of insurance, or breach of a condition of such policy shall defeat or avoid the policy or prevent its attaching unless such misrepresentation, false warranty or condition shall have been stated in the policy or indorsement or rider attached thereto, or in the written application therefor, of which a copy is attached to or indorsed on the policy, and made a part thereof. No such misrepresentation or false warranty shall defeat or avoid the policy unless it shall have been made with actual intent to de-

ceive or materially affects either the acceptance of the risk or the hazard assumed by the company. This section shall not apply to policies of marine or transportation insurance.''

The question presented is whether the code is susceptible of the construction urged by plaintiff, that failure of the company to attach the applications to its policies precluded it from relying on the conditions in the policies to defeat or avoid them. Defendant takes the position that the provisions of the policies relating to insured's medical history were conditions precedent to the policies' taking effect, the failure to comply with which had to be alleged and proved by defendant as a matter of affirmative defense; that the conditions precedent, being part of the contract entered into by competent, freely contracting parties, were operative according to their terms, if they were not illegal or contrary to public policy; that defendant's right to assert these defenses was not barred by its failure to attach applications to the policies, since neither section 154 of the Insurance Code nor any other existing rule of law requires applications for industrial life insurance to be attached to the policies, nor bars the assertion of a breach of conditions contained in the policies themselves when the applications are not so attached; that since the breach of conditions precedent in the policies had been alleged and proved, defendant was entitled to a directed verdict in its favor. No attempt was made in this case to avoid the policies because of false representations or warranties contained in the applications and no such defense was asserted in the pleadings. Upon trial defendant's evidence was directed exclusively to the proving of the breach of five conditions contained in the policies relating to insured's sound health, her freedom from cancer, her treatment by a physician for a serious disease and her attendance at a hospital for a surgical operation.

Considerable argument is presented as to the probable legislative intent in enacting section 154. However, the language employed is clear and unambiguous and is, in our opinion, not susceptible of the construction sought by plaintiff. The enactment of the code undoubtedly effected certain changes in the Illinois law with respect to representations and warranties. No statutory provision was theretofore in force in this State governing misrepresentations and warranties in insurance contracts, although statutes upon this subject had been enacted in practically every other State. Section 154 provides that no misrepresentations or false warranties may defeat a policy unless they be embodied in such policy or indorsement, rider or application attached thereto and made a part thereof. This was the rule effective before the enactment of the code as applicable to false warranties, but no such requirement existed as to misrepresentations. Before the enactment of the code Illinois courts had, to a large extent, observed the common law distinction between representations and warranties, but section 154 places representations and warranties in policies issued since the passage of the code upon the same footing. It restricted the rules theretofore applied to warranties and broadened those applied to representations. Under the common law rule with respect to false warranties, intent to deceive or materiality of the statements was not essential to avoid the policy. This rule was altered by section 154 in that a false warranty must either be made with actual intent to deceive or must materially affect the acceptance of the risk or the hazard assumed. (Illinois Insurance Code Annotated, prepared by the annotating committee of the section on insurance law of the Illinois State Bar Association, published by the Foundation Press, Inc., 1939, at p. 284 *et seq.*)

The enactment of section 154 requires the insurer to place the entire insurance contract upon which it intends to rely in the hands of the insured, whether

that contract be in the form of the policy alone, or in the form of the policy plus such indorsements, riders or applications as are attached thereto and made a part thereof. In the case at bar defendant relied upon the policy alone and the conditions enumerated therein. That it had the right so to do seems justified from that sentence in section 154 which provides that no misrepresentation, false warranty or breach of a condition shall defeat the policy unless it ''shall have been stated in the policy or indorsement or rider attached thereto, or in the written application therefor, of which a copy is attached to or indorsed on the policy, and made a part thereof.'' We think there is considerable force to defendant's contention that the repeated use of the word ''or'' is highly significant and tends to show the alternative scope of the insurance contract upon which insurer may rely. Since there is no requirement in the code or otherwise that applications be attached to policies of this character, we would not be justified in construing the code to include such a requirement.

In the able brief presented by plaintiff there are suggestions of the consequences that may ensue from holding that applications need not be attached to policies of industrial life insurance. The conditions contained in a policy are usually in printed form and not readily observed by the average layman after the policy is issued. If the application were attached the questions propounded by the agent and the applicant's answers thereto, touching upon the health, hospitalization and treatment of the applicant, would more readily be discerned when the policy issued and could be corrected if false or inaccurate. Such procedure would undoubtedly afford greater protection to insured and guard him against possible frauds of agents who usually prepare the applications and who, in some instances, have been known to falsely record the true answers given by the applicants respecting their health.

Where the application is not attached to the policy, insured labors under the impression that he is protected by the policy issued to him, and if he dies before the period of incontestability has expired his beneficiary is deprived of the benefits which the insured thought he had. However, all these considerations rest with the legislature, and we think it likely that if its attention were called to the evils which may result from the failure of the code to require that applications be attached to the policies, amendments remedying these possible evils may result.

The circumstances of this case, as disclosed by the undisputed evidence, would not entitle plaintiff to recovery, since the evidence tended to show that the insured had been hospitalized within two years prior to the issuance of the policy, had undergone a surgical operation for removal of a breast cancer and was not in good health on the date the policies were issued. So far as the construction of section 154 of the code is concerned, we are of opinion that the court properly allowed the motion for directed verdict and entered judgment accordingly upon the theory that the right of the defendant to assert the defenses relating to insured's medical history as conditions precedent to the policies' taking effect was not barred by its failure to attach the applications to the policies.

The judgment of the municipal court is therefore affirmed.

*Judgment affirmed.*

SULLIVAN, P. J., and SCANLAN, J., concur.