William C. Loving, Appellee, v. Allstate Insurance Company, Appellant.

Gen. No. 47,277.

First District, Second Division.
April 22, 1958.
Rehearing denied May 13, 1958.
Released for publication May 13, 1958.

231

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (Oswell G. Treadway, of counsel) for Allstate Insurance Company, defendant-appellant.

William C. Wines, and Graham & McElligott, of Chicago (William C. Wines, Errett O. Graham, and John A. McElligott, of counsel) for appellee.

JUSTICE MURPHY delivered the opinion of the court.

This is a complaint for a declaratory judgment, asking the court to find and declare that the plaintiff, William C. Loving, is entitled to the benefits of two automobile insurance policies declared null and void *ab initio* by defendant, Allstate Insurance Company. The trial court entered a summary judgment in favor of plaintiff and found that there was no reason for delaying enforcement of or appeal from the judgment order. Civil Practice Act, § 50 (2). Defendant appeals.

Loving alleges that on August 6, 1955, Allstate issued to him its automobile insurance policy, effective for one year, and that again on August 6, 1956, a similar policy was issued, expiring August 6, 1957; that on June 15, 1956, Loving was involved in a collision with two other automobiles, and thereafter the drivers and occupants of the other automobiles made claims against him for damages; that on June 22, 1956, Allstate paid Loving $162.24 for repairs to his auto-

mobile; that on or about September 26, 1956, Allstate declared both automobile insurance policies void from the dates of their issuance and disclaimed any liability thereunder; and prayed that the court find and declare that Loving is entitled to the benefits of said policies of insurance. Copies of the policies are attached to the complaint as exhibits.

Allstate answered, admitting the issuance of the insurance policies, and alleging as a special defense that plaintiff made misrepresentations in his written application for automobile insurance, which rendered the policies of insurance null and void *ab initio;* and that it had tendered return of the premiums paid by plaintiff on September 26, 1956, with its letter of disclaimer.

Loving filed no reply and on April 2, 1957, filed his motion for summary judgment. In his affidavit in support, Loving states that on August 6, 1953, the Government Employees Insurance Company (hereinafter referred to as Government Company) issued him an automobile policy for a period of one year, and on August 6, 1954, it was extended for another year; that on or about September, 1956, Allstate secured from the Government Company a copy of its purported refusal-to-renew letter to him, a copy of which is attached to his affidavit; that at no time did he ever request the Government Company to extend or renew his contract for any period after August 6, 1955; and that he did not receive the purported refusal-to-renew letter. He "contends for the purpose of the Motion . . . that such letter does not constitute refusal of any automobile insurance in accordance with the terms and conditions of the declaration in Paragraph 7 of the Supplementary page of defendant's insurance policy 2 507 914–8–6."

The copy of the letter dated July 7, 1955, addressed to Loving by the Government Company, and attached to the motion, includes the following:

233

" . . . After a recent review of your file, we are sorry to inform you that we will be unable to issue a renewal contract when your policy expires on August 6, 1955. The policy shall continue in effect until the expiration date, and then cease.

. . .

"Your desire to know the specific reason for our decision may prompt you to contact us for an explanation. However, in line with the practice of most leading insurance companies, we do not reveal information of this nature. Hence, we cannot satisfy your inquiry."

Allstate filed three counter-affidavits and amended its answer by filing a counterclaim against Loving and additional counter-defendants, being the persons making claims against Loving for damages arising out of the automobile accident of June 15, 1956. It prayed the court to declare the policy issued to Loving on August 6, 1955, null and void as of its inception. It also prayed each of the counter-defendants be perpetually enjoined from commencing or prosecuting any cause of action under and by virtue of the terms and provisions of said policy of insurance. It attached, as an exhibit, a copy of Loving's signed application for automobile insurance dated August 6, 1955, wherein a negative answer is given to the question, "Has any insurer ever cancelled any automobile insurance issued, or refused any automobile insurance to the applicant or to any of his household?" The reverse side of this application is not signed by Loving and contains a negative answer as to prior automobile or general liability accidents or losses.

The counter-affidavits of Allstate are (1) one by the agent of Allstate, who took Loving's application for automobile insurance on July 26, 1955, that he accurately inserted the answers given to him by Loving in the application and the questionnaire on the reverse side thereof, and that Loving gave him no other information. (2) One by a claims adjuster of

Allstate, that on August 31, 1956, he took a 4-page statement from Loving, which Loving read, made certain corrections thereon and then signed. A copy of the statement is attached to and made a part of the affidavit, and in it Loving states he is a school teacher for the Board of Education, and denies any insurer had cancelled or refused him or his wife automobile insurance within the past three years, and denies that either he or his wife "have ever received any mail, telegram or phone call advising us we would not be able to renew our Government Employees Insurance or to the effect that our Government Employees Insurance was being cancelled." The statement also includes details of automobile accidents prior to the date of his Allstate application. (3) One by an employee of the Government Company, that on July 7, 1955, he caused a letter dated July 7, 1955, copy of which is attached to the affidavit and made a part thereof, to be sent to Loving in an envelope addressed to Loving, which letter was deposited in the United States mail, postage prepaid, and a post office receipt secured therefor, copy of which is also attached to the affidavit; that the said letter was never returned to the Government Company, and that Loving reported automobile accidents on August 13, 1954, December 16, 1954, and March 24, 1955.

The order for summary judgment entered May 16, 1957, refers to policy No. 2 507 914-8-6, and after reciting that the court had read the pleadings, affidavit of plaintiff for summary judgment and counter-affidavits of defendant, found that there was no issue of fact to be submitted to the trier of fact, and that plaintiff did not wilfully misrepresent or falsely state that no insurer had ever refused during the two years preceding August 6, 1955, any automobile insurance; that the policy of insurance constituted a good, valid and enforceable contract between Loving and Allstate for a period of one year from August 6, 1955; and that

235

plaintiff was entitled to the benefits of that policy of insurance and directed that judgment be entered in accordance with said findings.

■ The question before us is whether the summary judgment was proper. If there is a triable issue of fact raised by the pleadings, supporting affidavits and exhibits, the judgment order ought not to have been entered. J. J. Brown Co., Inc. v. J. L. Simmons Co., Inc., 2 Ill.App.2d 132, 135; 23 I. L. P., Ch. 5, § 73.

The written application containing the alleged misrepresentation as to *prior accidents,* or a copy thereof, must be attached to or endorsed on the policy and made a part thereof, as directed by section 154 of the Insurance Code (Ill. Rev. Stat. 1957, Ch. 73, par. 766), in order for Allstate to use prior accident misrepresentations as a basis for denial of rights on the insurance policy.

■ ■ This court has held that representations made by an applicant for automobile insurance as to prior cancellation and frequency of accidents are matters which materially affect the risk insured against (Dragosvich v. Allstate Ins. Co., 2 Ill.App.2d 50 (1954)), and that section 154 requires the insurer to place the entire insurance contract, upon which it intends to rely, in the hands of the insured, whether that contract be in the form of a policy alone, or in the form of a policy plus such endorsements, riders or applications as are attached thereto and made a part thereof (Anderson v. John Hancock Mut. Life Ins. Co., 316 Ill. App. 338, 342, 343). The policies of insurance issued by Allstate to Loving do not have the application of July 26, 1955, attached to or endorsed thereon and made a part thereof. Therefore, the alleged misrepresentation by Loving as to prior accidents is not a legal defense available to Allstate in the instant case.

■ Loving contends that the letter of the Government Company, which he denies having received, did not constitute refusal of any automobile insurance,

236

because he had never made any request for a renewal of his automobile insurance contract. We disagree. A refusal to renew a policy of insurance need not be in any particular form. Strong v. State Farm Mut. Ins. Co., 78 N.W.2d 828, 830 (1956). The Government Company letter clearly and unequivocally stated it was unwilling to continue the risk of insuring Loving's automobile, and the refusal to renew was completely expressed. The record indicates no request was made or necessary to renew the policy at the end of the first year, and there is nothing to indicate that Loving would have been required to request a renewal of his policy if he had not been sent the letter of refusal prior to the termination date of his then insurance, August 6, 1955.

██ We have decided herein that, under section 154, the defense of misrepresentation as to prior accidents was not available to Allstate, since the application was not made a part of the policy. The Allstate policies placed in the hands of Loving each contained a *declaration* negating the refusal of any automobile insurance to Loving within the prior two years and were in compliance with section 154 of the Insurance Code. Therefore, the defense of misrepresentation as to prior refusal of automobile insurance was available. However, Loving, in his affidavit, denies receipt of the purported "refusal-to-renew" letter. The rule is that proof of the due mailing of a letter raises the presumption of its receipt, and when the receipt thereof is denied, the effect is to raise an issue of fact (Talmage v. Union Central Life Ins. Co., 315 Ill. App. 623, 639 (1942)), which rule, applied here, made the receipt or non-receipt by Loving of the letter a triable issue of a material fact.

We conclude that a triable issue of fact exists, and the trial court was in error in entering judgment for plaintiff on his motion for summary judgment. The order of the trial court is reversed and the cause re-

237

manded with directions to proceed in accordance with the views expressed herein.

Reversed and remanded with directions.

KILEY, P. J. and LEWE, J., concur.