Government Employees Insurance Company, Plaintiff-Appellant, v. Saweren J. Dennis, et al., Defendants-Appellees.

Gen. No. 64–92.

Second District.

December 21, 1965.

Leonard Lundin, Early and Lundin, of Rockford, and Jean Appleman, of Chicago, for appellant.

Reese and Schlueter, of Rockford, Jack R. Cook, of Loves Park, Matthew P. Cicero and Herbert H. Franks, both of Rockford (B. P. Reese, Jr., of counsel), for appellees.

MR. JUSTICE PETERSEN delivered the opinion of the court.

This is an appeal from the decision of the Circuit Court of Winnebago County wherein the court entered judgment for the defendants at the close of plaintiff's case. The action was for a declaratory judgment wherein plaintiff sought to have declared void an insurance policy issued

to Saweren J. Dennis on the grounds of misrepresentation and concealment of material facts. The alleged material facts included the ownership of the car by Mrs. Patricia Gilbertson, the rejection of her application for insurance by other insurance companies and the suspension of her right to register a car in the State of Illinois. Joined as defendants were Saweren J. Dennis, Mrs. Gilbertson, and Marjorie Maffei and Joni Lynn Short, two parties who had been injured in an automobile accident while riding with Mrs. Gilbertson. It appears that in 1960 Mrs. Gilbertson purchased a 1957 Ford, which, through a misunderstanding, was not covered by liability insurance. Shortly after this purchase, Mrs. Gilbertson loaned the automobile to Marjorie Maffei, who had an accident. As a result of not being covered by insurance, Mrs. Gilbertson's right to register an automobile in the State of Illinois was suspended. For some unknown reason, her driver's license was not suspended in accordance with the statutory provisions of Chap 95½, §§ 7-201, 7-205, 7-211. Subsequently, Mrs. Gilbertson applied to Farmers Insurance Group for automobile liability insurance and was rejected. She then applied to Allstate Insurance Company, which refused to issue her a policy except through the assigned risk plan. Mrs. Gilbertson did not accept. Thereafter, a 1956 Pontiac automobile was purchased in the name of Saweren J. Dennis who made application for automobile liability insurance with the Government Employees Insurance Co. (hereinafter referred to as GEICO) on this car and another car registered in his name. In his application to GEICO, the defendant Dennis, stated he owned both cars but that his fiancee, Mrs. Patricia Gilbertson, would drive the second car 95% of the time. He also stated that no member of his household had ever had any automobile license, permit or privilege suspended, revoked or cancelled. He similarly answered "No" to the question whether any insurance company ever refused, cancelled,

refused to renew, or had given notice of intention to cancel or refuse, any automobile insurance for any member of his household. The application provided that if the answer to these questions was "No" on the application, the policy would issue effective as of the date of the postmark of the application. It also provided that if the answer to any of these questions was "Yes," the policy would not be effective until approved by the company. On receipt of the application, plaintiff issued the policy. The declaration, which was a part of the policy, stated that Dennis was the owner of both cars. The policy contained a provision specifically giving the company the right to cancel the insurance on 10 days' written notice. Within a few days after the issuance of the policy, the plaintiff sent defendant Saweren J. Dennis, a questionnaire to be completed by Mrs Gilbertson. In this questionnaire, Mrs. Gilbertson denied that any automobile insurance company had refused, cancelled, or refused to renew any automobile insurance policy to her. On September 17th, 1962, Mrs. Gilbertson, while driving the insured car in Wisconsin with Marjorie Maffei and Joni Lynn Short, collided with a train. At the trial, the court refused to permit the underwriting division manager of plaintiff to testify that the policy would not have been issued, or would have been cancelled had plaintiff known the true facts.

Plaintiff contends that the court erred in excluding evidence proffered by GEICO through its underwriting division manager that the policy would not have been issued or would have been cancelled had the true facts been known and also contends that Dennis' declaration that he was the owner of the Pontiac was a misrepresentation and material to the risk involved.

Defendants contend that the defense of misrepresentation or intent to deceive is not available to plaintiff as the alleged misrepresentation was not a part of the policy as required by chap 73, sec 766, Ill Rev Stats

(1963); that further the exclusion of the testimony of the underwriting division manager was not error; and, finally, that plaintiff waived its policy defense by delaying from October 25th, 1963, until April 25, 1964, to commence this action.

 We cannot agree with the defendants' contention that GEICO waived its policy defense by waiting approximately six months after the accident to commence this action when defendants failed to raise this issue in the trial court. It is well established that a party will not be permitted to argue on appeal a defense not interposed by his answer and supported by evidence in the trial court. Consoer, Townsend & Associates v. Addis, 37 Ill App2d 105, 109, 185 NE2d 97. It is also a rule that a party will not be permitted to argue on appeal a defense not interposed by his answer. Bittner v. Field, 354 Ill 215, 188 NE 342, Security Bank of Mount Carmel v. Pollard, 3 Ill2d 153, 158, 119 NE2d 777.

 Defendants next assert that plaintiff should not prevail because of the provisions of chap 73, sec 766, Ill Rev Stats (1963). Defendants argue that under the provisions of that statute the defense of misrepresentation or intent to deceive are available to the insurance company only if the alleged misrepresentation is either part of the policy or incorporated in a document attached thereto. They further argue that the alleged misrepresentation or statement allegedly made with intent to deceive the insurance company must be material to the risk. The statute provides:

"No misrepresentation or false warranty made by the insured or in his behalf in the negotiation of the policy of insurance or breach of a condition of such policy shall defeat or avoid the policy or prevent its attaching unless such misrepresentation, false warranty or condition shall have been stated in the policy or endorsement or rider attached thereto or

in the written application thereof of which a copy is attached to or endorsed on the policy and made a part thereof. No such misrepresentation or false warranty shall defeat or void the policy unless it shall have been made with actual intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the company. This section shall not apply to policies of marine or transportation insurance."

We concur in the defendants general summation of sec 766, supra. However, our conclusion is that the application of this section is limited as therein expressed, namely, "in the negotiation of the policy." The questionnaire forwarded to Mrs. Gilbertson was after the issuance of the policy and the answers sought were not to induce GEICO to issue the policy, but to prevent the cancellation thereof. We feel that this section has no application to the factual situation herein. Her denial by her answers in the questionnaire that any insurance company had refused, cancelled, or refused to renew any automobile insurance for her is an issue which is material to the risk and is available to GEICO. Klim v. Johnson, 16 Ill App 2d 484, 491, 148 NE2d 828. Dragosvich v. Allstate Ins. Co., 2 Ill App2d 50, 118 NE2d 57 (Abst). Loving v. Allstate Ins. Co., 17 Ill App2d 230, 237, 149 NE2d 641. Although the policy issued did not have a copy of the application of Dennis attached, the declaration therein represents Dennis to be the owner. This, we believe, to be in compliance with sec 766, supra, and therefore, the defense of misrepresentation of ownership was available to GEICO. Western States Mut. Automobile Ins. Co. v. May, 18 Ill App2d 442, 447–454, 152 NE2d 608. The failure to disclose true ownership of a vehicle or misrepresentation as to ownership is material to the risk. There is evidence in this record that Mrs. Gilbertson was the owner of the car. Dennis, in his dep-

osition, stated that for all practical purposes the car belonged to Mrs. Gilbertson and it was purchased for her to get her away from the other car insured by Dennis. The Chevrolet traded in on the car in question was owned by Mrs. Gilbertson's father. She was to pay the insurance premiums for the Pontiac. The deposition of Mrs. Gilbertson admitted she owned the car but that the title was in Dennis. The trial court in dismissing this cause at the close of the plaintiff's proofs, when viewed in the light of this testimony, committed error. To ascertain the true owner of the vehicle it is not sufficient to discover who is the registered owner. American States Ins. Co. v. White, 341 Ill App 422, 94 NE2d 95. Cieskus v. Yuvan, 347 Ill App 559, 107 NE2d 56. Hall v. Illinois Nat. Ins. Co., 34 Ill App2d 167, 180 NE2d 695.

 The trial court refused the offer of GEICO of expert testimony of an underwriter under the misapprehension that the only issue to be determined was whether or not there had been misrepresentations. The trial court found, apparently, that there had been no misrepresentation. In view of our finding of the testimony herein quoted most advantageous to GEICO there is evidence of misrepresentation. The trial court erred in refusing this offer of proof. In Traders' Ins. Co. v. Catlin, 163 Ill 256, 258, 45 NE 255, it was determined that the testimony of an underwriter was admissible upon the question of materiality of circumstances effecting the risk. Moyer v. John Hancock Mut. Life Ins. Co., 6 Ill App2d 1, 5, 126 NE2d 157. La Penta v. Mutual Trust Life Ins. Co., 4 Ill App2d 60, 67, 123 NE2d 165.

The judgment of the trial court is reversed and this cause is remanded with directions for a new trial in accordance with the views herein expressed.

Reversed and remanded.

ABRAHAMSON, P. J. and MORAN, J., concur.