**Government Employees Insurance Company, Plaintiff-Appellee, v. Saweren J. Dennis, et al., Defendants-Appellants.**

Gen. No. 67–122.

Second District.

December 21, 1967.

Reese, Schlueter & Ecklund, of Rockford, for appellants.

Early and Lundin, of Rockford, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

Plaintiff, Government Employees Insurance Company (herein called GEICO) brought this suit seeking a declaratory judgment that an automobile insurance policy issued by it was null and void from its inception. Saweren J. Dennis, the insured, Patricia Gilbertson, the driver of the insured car, and Marjorie Maffei and Joni Lynn Short, two persons injured while riding with Patricia Gilbertson, all were joined as defendants in the action. A jury returned a verdict finding the issues for the defendants, the trial court entered judgment for the plaintiff notwithstanding such verdict and the defendants have appealed.

This case was previously before this court and our opinion was reported in 65 Ill App2d 365, 212 NE2d 759 (1965). The first trial was before the court, without a jury. On appeal, we reversed and remanded the judgment of the trial court against the plaintiff, GEICO, with directions for a new trial in accordance with the views therein expressed. We will summarize the factual background reported in our earlier decision and the additional matters brought out or occurring subsequent to our first decision. The basis of GEICO's complaint—to have its insurance policy declared void—is, in part, the misrepresentation and concealment of material facts.

Dennis made an application to GEICO for insurance on two cars, the title thereto being in his name. In his application, he stated that his fiancee, Mrs. Patricia Gilbertson, (herein called Gilbertson), would drive one of the cars—a 1956 Pontiac—ninety-five per cent of the time. The policy was issued on August 27, 1962, and the declaration stating that Dennis was the owner of the 1956 Pontiac, was made a part of the policy.

Within a few days after issuing the policy, GEICO sent a questionnaire to Dennis to be completed by Gilbertson. In this questionnaire she stated that no insurance company had "refused, cancelled or refused to

358

renew any automobile insurance" for her. However, the evidence conclusively established that in 1960 Gilbertson owned a Ford which was involved in an accident when, ironically, her 1957 Ford was being driven by the same Marjorie Maffei who is one of the defendants in this action. At that time, no liability insurance was carried on the Ford car. Thereafter, Gilbertson sought such insurance coverage. She was refused insurance by one company, and was told by another that a policy would issue, but only through an assigned risk plan, which she did not accept. Subsequently, she bought the Pontiac in question, which she admittedly owned, although the title thereto was in Dennis. As to her answer on the questionnaire that she had not been refused any insurance, she stated that she had forgotten all about the other insurance company refusals.

Within a month after the issuance of the policy, Gilbertson was driving the Pontiac and was involved in an accident in which her passengers, the defendants, Maffei and Short, were injured. Marjorie Maffei is the defendant who is prosecuting this appeal. She raises three issues for review:

(1) Was she denied a vested property right in the insurance policy without due process of law in violation of her constitutional rights?

(2) Were the provisions of section 154 of Article IX of the Insurance Code (Ill Rev Stats 1965, c 73, par 766) interpreted by this court so as to deny her of her constitutional rights?

(3) Did the trial court err in depriving her of the findings of a jury and in making certain rulings on the evidence and law?

The major portion of defendants' brief is devoted to the contention that the plaintiff should not be permitted to rescind or have its policy declared null and void after the date of the accident because to do so would deprive Maf-

fei of vested property rights without due process of law. She attempts to draw a number of analogies to justify this position, admitting that she has found no case directly supporting her contention, but arguing that we should depart from the law as it presently is to protect her constitutional rights.

We do not believe this argument merits extended discussion. The defendants first appealed to the Supreme Court alleging these constitutional issues as grounds for the appeal to that Court. In transferring the case to this court, the Supreme Court said:

> "This case is here on direct appeal from the trial court from a declaratory judgment order holding that the plaintiff insurance company was not obligated under an automobile liability insurance policy. The person who was injured in the automobile accident was a party to the suit and participated therein. She contends that upon her being injured she acquired a vested interest under the policy and that the company could not escape liability because of any policy defense which it might have against the policy holder. She argues that the ruling of the trial court deprived her of due process of law. There was no lack of procedural due process for she had an opportunity to participate in the suit. The question of whether the trial court's judgment was correct presents only a question of error and not a substantial constitutional question. On the Court's own motion the cause is transferred to the Appellate Court for the Second District."

■■■■■ We agree that automobile public liability insurance assumes an importance to the general public beyond that normally found in private contracts. Because the general public could be subjected to possible injury through the operation of the car in question, its

360

members may be treated as third-party beneficiaries. They possess a sufficient interest in the procurement and coverage under such policies to be classified as a real party in interest in an insurance contract. Simmon v. Iowa Mut. Cas. Co., 3 Ill2d 318, 322, 324, 121 NE2d 509 (1954); Gothberg v. Nemerovski, 58 Ill App2d 372, 385–387 incl., 208 NE2d 12 (1965). This, however, does not afford an injured person any rights greater than those actually resulting from the policy itself. As a third-party beneficiary, such a third person's rights must stand or fall on the contract itself. The GEICO policy recognized this right. It, like the policy in the Gothberg case, provided that any person who had secured a judgment against the insured could recover under the policy "to the extent of the insurance afforded by the policy."

Defendant Maffei can only recover against GEICO to the extent that insurance was afforded under the policy in question. If, in fact, that policy was null and void because of material misrepresentations, then she could make no recovery against GEICO. As the Supreme Court pointed out, she has had an opportunity to participate in the trial and, in fact, did so. She was not denied any procedural due process. She was a third-party beneficiary of this insurance contract, but only insofar as it provided insurance coverage.

As to the defendants' contentions regarding the interpretation to be given to chapter 73, par 766, Ill Rev Stats 1965, that issue was raised and determined in the former appeal of this case, and we are not at liberty in this appeal in the same case, to reexamine and redetermine such issue. Government Employees Ins. Co. v. Dennis, supra, 370–372 incl. Also see: People v. Winston, 399 Ill 311, 318, 319, 77 NE2d 664 (1948); Lundstrom v. Winnebago Newspapers, Inc., 42 Ill App2d 306, 312, 313, 192 NE2d 307 (1963).

The defendants, without the citation of authority, contend that a certain letter and certain admissions introduced into evidence were erroneous. They urge that the introduction of the evidence was erroneous in that it would permit Maffei's "vested interests" to be defeated. In reply to this contention, we reiterate that her interests in the contract, if any, could be no greater than the insurance coverage actually afforded by the contract; and that any person who had secured a judgment against the insured could recover under the policy only to the extent of the insurance afforded by the policy. Maffei could not by reason of her injury, unfortunate though it may be, extend the coverage afforded by the contract or the liability assumed by GEICO. Consequently, the evidence relating to whether the insurance contract was valid and in force, or null and void, was relevant and was properly admitted.

The insurance policy contained a provision reserving the right in the insurer to rescind for fraud or material misrepresentation. On retrial, the underwriting manager for GEICO testified that the insurance policy would not have been issued or maintained if Gilbertson had affirmatively answered that insurance previously had been refused or denied to her. It appears that such an answer would have caused GEICO to make an investigation of the facts, which procedure was not followed when such question was answered in the negative.

The defendants called two witnesses in the insurance business and questioned them regarding the underwriting business and the materiality of certain information in determining whether or not a given risk would be accepted. Neither had any familiarity with the plaintiff company, GEICO, or its procedures and policies in regard to underwriting.

Objections to hypothetical questions presented to these witnesses were sustained upon the grounds that all of the necessary facts were not contained in the questions.

However, in the offer of proof, one witness stated that he would take into consideration in determining whether to underwrite a risk, the fact that another insurer had refused insurance to the applicant. He also stated that some insurance companies use this fact as a basis for refusing an application for automobile insurance; and that the effect of a prior refusal is governed by the policy of the company involved and the circumstances which caused the other company to refuse the insurance coverage. The other witness testified that the fact that a party had been refused insurance coverage on two prior occasions, and had answered a questionnaire falsely that no insurance had been refused or denied to her, would "not necessarily" have an effect on the issuance of the policy "because we would order an inspection report."

Finally, the defendants contend that the trial court erred in overturning the verdict of the jury, and that in doing so, the defendants were deprived of their right to trial by jury on those matters which were jury questions. When this case was originally tried, it was tried before the court without a jury. The defendants did not file a jury demand until after the case was remanded. The plaintiff objected to the filing of a jury demand, contending that it came too late, but the court permitted the filing of the demand and the case was tried by the jury.

The trial court set aside the verdict on two grounds: (1) that it erred in permitting the filing of the jury demand in that the defendants were not entitled to a jury determination based upon the jury demand filed after remandment; and (2) that the evidence could not support the verdict in that the representation that Dennis was the owner of the car was false, and the representation that Gilbertson had not previously been denied insurance was false, and both such representations were material to the risk.

As to the failure to file the jury demand until the case was remanded, the Supreme Court in Reese v.

363

Laymon, 2 Ill2d 614, 621, 119 NE2d 271 (1954) held that when the cause was remanded, its status was not as though the case had not yet been commenced, but rather, only as though no trial had been held, with a complaint and answer on file, but no jury demand made by either party. Thus, the time requirements of section 64 of the Civil Practice Act (Ill Rev Stats 1965, c 110, par 64(1)) were held to be constitutional, even though construed to deny the right to a jury trial when demanded for the first time after a judgment on a trial without a jury is reversed and the cause remanded for a new trial. If there is no right to demand a jury under given circumstances at the original trial, there is no reason to grant greater rights on the retrial after a case has been remanded. Wherever possible, however, the right to a trial by jury is afforded even though the litigant seeking such right has not strictly complied with the statute. Hudson v. Leverenz, 10 Ill2d 87, 93, 139 NE2d 255 (1956); Department of Public Works and Buildings v. Melling, 78 Ill App2d 37, 41–43 incl., 222 NE2d 515 (1966). Under section 59 of the Civil Practice Act and present Supreme Court Rule 183, the court, "for good cause shown on motion after notice" may extend the time for the doing of any particular act. It does not appear, however, that the defendants here filed any such motion after notice, or showed any good cause for extending the time within which to file a jury demand. They merely filed their demand, to which the plaintiff, GEICO, objected. The defendants only contention is that a disputed fact issue did not arise until after the first opinion by this court. From our examination of the pleadings and the issues presented to us on the first appeal, we do not believe this to be so.

However, the question of whether the jury demand was properly filed does not assume great significance in our determination. We believe that the trial court properly entered the judgment notwithstanding the verdict based

upon the evidence before it. Whether the plaintiff had the right to declare the insurance policy null and void depends on whether certain representations were made, were false, and were material to the risk.

■ Viewing the evidence most favorably to the defendants, we must answer these questions in the affirmative as to two representations. They are: the representation by Dennis that he was the owner of the car and the representation by Gilbertson that she was never refused or denied insurance coverage.

As heretofore stated in our earlier opinion, the failure of Dennis to disclose the true ownership was material to the risk. This is particularly true under the factual situation before us: Gilbertson was admittedly the owner of the car, but the title thereto was placed in Dennis for the obvious reasons that Gilbertson could not then register a car in Illinois, and would have had difficulty in obtaining insurance coverage thereon. She had actual control over the car, but she was not, as represented, the "fiancee" of Dennis.

■ An insurer is interested in ascertaining the true owner of a car particularly where the policy covers any person who may be driving the car with the owner's consent. The character and judgment of the owner, as well as his or her true status, have a definite bearing upon the risk involved. The status, number and character of the persons who are likely to be driving the car with the owner's permission are also material to the risk. The representation as to ownership was false and materially affected the risk or hazard assumed. Government Employees Ins. Co. v. Dennis, supra, 65 Ill App2d 371, 372, 212 NE2d 759; Western States Mut. Automobile Ins. Co. v. May, 18 Ill App2d 442, 452, 453, 152 NE2d 608 (1958).

We also stated in our earlier opinion that the representation that she had not previously been denied insurance was material to the risk. (Government Em-

ployees Ins. Co. v. Dennis, supra, 65 Ill App2d 371, 212 NE2d 759, and cases cited therein.) It is clear from the evidence that the statement was made and that it was false. It is also obvious from the testimony of the employee of GEICO, as well as the testimony of the defendants' witnesses, that the fact of prior refusal or denial of insurance was material. It, to use their description, "waves a red flag," and is a cause for further investigation, if not an outright refusal to insure.

■ The defendants also contend that the plaintiff is barred by laches from asserting that the policy is null and void. The accident happened on September 27, 1962. On or about October 25, 1962, the plaintiff first became aware of the misrepresentations to which we have referred. The defendant, Maffei, had counsel by that time. The plaintiff brought this suit in April of 1963. We fail to see how there was either a sufficient lapse of time or other circumstances to cause undue prejudice such as to constitute laches. Freymark v. Handke, 415 Ill 360, 366, 367, 114 NE2d 349 (1953) ; Monroe v. Civil Service Commission of Waukegan, 55 Ill App2d 354, 357, 204 NE2d 486 (1965).

We believe that this was a case in which all of the evidence, when viewed in its aspect most favorable to defendants, so overwhelmingly favored the GEICO that no contrary verdict based on that evidence could ever stand. Pedrick v. Peoria & E. R. Co., 37 Ill2d 494, 510, 229 NE2d 504 (1967). Consequently, the judgment of the trial court is thus affirmed.

Judgment affirmed.

MORAN and ABRAHAMSON, JJ., concur.