Richard G. Pruitt, Plaintiff-Appellant, v. Allstate Insurance Company, a Corporation, Defendant-Appellee.

Gen. No. 67-114.

Second District.

February 20, 1968.

Smith, Penniman, McGreevy, and Donohue, of Rockford, for appellant.

Robert K. Clark, of Rockford, for appellee.

MR. PRESIDING JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from the Circuit Court of Winnebago County. The trial court granted Summary Judgment for the defendant. Plaintiff appeals.

This action was brought to recover under the collision provisions of an automobile insurance policy issued by defendant. On April 6, 1966, defendant issued a standard automobile insurance contract with the application of plaintiff for such insurance attached, which policy among other things, provided for collision coverage. On April 30, 1966, plaintiff's car was demolished and he made claim under the policy in question for his loss.

The defendant, Allstate Insurance Company, admitted the issuance of the policy, alleged the voiding of the policy and the tender of return of premium. Prior to March of 1966, plaintiff had had a similar automobile insurance policy with the American Family Insurance Group, which company had declined to renew or to continue the insurance. In filling out the application for the policy in question, the question "Has any insurer cancelled or refused or given notice that it intends to cancel

or refuse any similar insurance?" was answered "No." Allstate for the first time learned of the falsity of this statement on or about July 12, 1966.

In reply to plaintiff's Amended Complaint, defendant among other things filed an Affirmative Defense alleging the falsity of plaintiff's answer in his declarations, which were contained in the application for insurance. Subsequently, defendant filed a request to admit facts, requesting in substance that plaintiff had falsely answered the question with regard to the refusal to renew or continue similar insurance by another company. No response was ever received to this request to admit facts.

After the passage of time permitted by the Supreme Court Rules to respond to such request, defendant filed a motion for summary judgment. Attached to said motion was the affidavit of its Division Supervisor in Underwriting, in which he stated that it was Allstate's policy to declare void ab initio any policy in which a false answer to the declarations is made in the application for such policy. The affidavit further stated that it was a practice in the insurance industry to void policies under such circumstances, as the answers to the declarations are designed to permit the insurer to determine the desirability of such a risk and that a false answer deprives the insurance company of such right. No counteraffidavits or pleadings of any kind were filed by plaintiff. On June 8, 1967, the Circuit Court entered a judgment in favor of defendant, Allstate Insurance Company.

Plaintiff contends that the Summary Judgment procedure is one of a drastic nature and that the court should be most diligent in guarding against its use in any case involving a real issue of fact. Solone v. Reck, 32 Ill App2d 308, 310–311, 177 NE2d 879.

Plaintiff further contends that the materiality of a false representation in an application for insurance is a question of fact for the jury and that the trial court should never grant summary judgment in such cases.

Mooney v. Lloyd's, London, 33 Ill2d 566, 569, 213 NE2d 283.

██ ██ The issue before us, we believe, is a very narrow issue. Plaintiff asserts that whether the misrepresentation of the facts with regard to cancellation or refusal to renew a similar insurance policy is material to the risk is an issue for the jury. The affidavit attached to defendant's motion for summary judgment states unequivocally that defendant would not have issued the policy in question had said question been answered truthfully, and went on to state that the insurance industry considers cancellation or refusal to renew material to the risk. This affidavit stands uncontradicted. We have long held that failure to disclose prior cancellation of automobile insurance policy or prior refusal to issue one is, as a matter of law, material to the risk. Government Employees Ins. Co. v. Dennis, 65 Ill App2d 365, 371, 212 NE 2d 759; Western States Mut. Automobile Ins. Co. v. May, 18 Ill App2d 442, 449, 152 NE2d 608; Loving v. Allstate Ins. Co., 17 Ill App2d 230, 236, 149 NE2d 641.

To accept plaintiff's theory that a misrepresentation of the application for insurance policy is necessarily a question of fact for the jury would preclude the summary judgment procedure from any such case.

In view of defendant's uncontradicted affidavit, we are of the opinion that the trial court properly granted summary judgment.

Judgment affirmed.

DAVIS and MORAN, JJ., concur.