INTER-INSURANCE EXCHANGE OF THE CHICAGO MOTOR CLUB *et al.*, Plaintiffs-Appellees, *v.* MILWAUKEE MUTUAL INSURANCE COMPANY, Defendant-Appellant.—(LEROY E. WOODSON, Defendant-Appellee; THOMAS HUMPHREYS, Defendant.)

Third District   No. 77-255

Opinion filed July 11, 1978.

Ronald Henson, of Barash & Stoerzbach, of Galesburg, for appellant.

James J. Elson, of Canton, and William H. Henning, of Peel, Henning, Mathers, Bell & McKee, of Galesburg, for appellees.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:
This appeal arises out of an action for declaratory judgment which was brought by the plaintiff, Inter-Insurance Exchange of the Chicago Motor

Club, seeking to have an automobile liability insurance policy issued by the defendant, Milwukee Mutual Insurance Company, hereafter referred to as Milwaukee Mutual, to Leroy Woodson declared valid. The plaintiff was the insurance carrier for Robert K. Crane who was involved in a two-car collision with a car driven by Leroy Woodson. The Crane automobile was damaged in the accident and a passenger in the Crane car Thomas Humphreys was injured. Humphreys filed suit for his personal injuries against both Crane and Woodson. The plaintiff then brought the declaratory judgment action claiming that Milwaukee Mutual had a valid liability insurance policy covering Leroy Woodson on the day of the accident. Milwaukee Mutual denied that Woodson had a valid insurance policy with them at the time the accident occurred. After a bench trial in Knox County, the court ruled that the policy of insurance of Milwaukee Mutual on Woodson was in full force and effect on the date of the accident. Milwaukee Mutual then timely filed this appeal.

The issue presented for review is whether an insurance company can void a policy of insurance on grounds of fraud in the inducement where the application for insurance was not attached to the policy.

Milwaukee Mutual argued in the trial court, as it does on appeal, that the insurance policy issued to Woodson was void in its inception because Woodson committed fraud in obtaining the policy. More specifically Milwaukee Mutual alleged that when Woodson applied for the insurance he stated in the application that he had no accidents or traffic violations within 36 months prior to his application. In truth Woodson had been arrested and convicted of no less than 4 traffic violations within the immediately preceding 36-month period. At the trial the evidence showed that Woodson's application for insurance had not been attached to the policy which issued. The other relevant facts as preserved in the record indicate that Milwaukee Mutual's insurance agent specifically asked Woodson at the time he requested insurance if he had been convicted of any traffic violations or had any accidents within the immediately prior 36-month period. The insurance agent and his secretary both testified that Woodson answered "no" to that question. Woodson testified that when orally asked this question, he responded that he had been on high risk insurance but the insurance had lapsed. This same question was again asked of Woodson by the insurance agent's secretary as she filled out the application for insurance and she testified that Woodson indicated he had not had any traffic violations or accidents within the previous three-year period. Woodson testified that he again mentioned that he had been on the high risk insurance which had lapsed. He did, however, admit that he saw the secretary write "none" on the application in answer to the questions concerning accidents and traffic

violations, but that he did not tell her to correct the answer. Woodson looked over the application and signed it thereby declaring that the statements contained in it were true.

Woodson applied for the insurance and obtained coverage on November 14, 1972. The accident occurred on December 31, 1972. It was not until January 10, 1973, that the Milwaukee Mutual obtained a copy of Woodson's motor vehicle record which indicated the four traffic violations. On January 15, 1973, Milwaukee Mutual sent a notification of cancellation to Woodson along with a refund check for the premium which Woodson subsequently cashed.

The trial court in its memorandum opinion found that Woodson had knowingly made materially false representations in obtaining coverage and that Milwaukee Mutual had relied upon the representation in the application. But the trial court further concluded that Milwaukee Mutual had a valid policy of insurance covering Woodson on the date he had the accident because the insurance company failed to attach a copy of the application for insurance to the policy.

The applicable statute in this case is section 154 of the Insurance Code (Ill. Rev. Stat. 1971, ch. 73, par. 766) which provides:

> "No misrepresentation or false warranty made by the insured or in his behalf in the negotiation for a policy of insurance, or breach of a condition of such policy shall defeat or avoid the policy or prevent its attaching unless such misrepresentation, false warranty or condition shall have been stated in the policy or endorsement or rider attached thereto, or in the written application therefor, of which a copy is attached to or endorsed on the policy, and made a part thereof. No such misrepresentation or false warranty shall defeat or avoid the policy unless it shall have been made with actual intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the company. This section shall not apply to policies of marine or transportation insurance."

The thrust of the statute is the twofold requirement that the insurer must meet to defeat or avoid a policy on the grounds of misrepresentation or false warranty. First, the insurer must show that the misrepresentation was made with actual intent to defraud or that it materially affected the risk. Secondly, the insurer is *also* required to show that the application in which the misrepresentation or false warranty appears was attached to the policy of insurance.

■■■ We are here concerned with the second requirement, that of the necessity of the application being attached to the policy. Milwaukee Mutual argues that misrepresentation is not involved in this case because Woodson accomplished fraud in the inducement in procuring insurance and that therefore section 154 of the Insurance Code (Ill. Rev. Stat. 1971,

ch. 73, par. 766) should not be applied. A similar argument was used in the case of *Anderson v. John Hancock Mutual Life Insurance Co.* (1942), 316 Ill. App. 338, 45 N.E.2d 39, claiming that the alleged insured breached a condition precedent when certain facts relating to the insured's health were misrepresented on the application for life insurance which was not attached to the policy. Although the court there ruled in favor of the insurer, the reason was because the conditions precedent were stated in the insurance policy which satisifed the Insurance Code's section 154 (Ill. Rev. Stat. 1939, ch. 73, par. 766) even without the application having been attached to the policy. The *Anderson* court correctly concluded "The enactment of section 154 requires the insurer to place the entire insurance contract upon which it intends to rely in the hands of the insured, whether that contract be in the form of the policy alone, or in the form of the policy plus such endorsements, riders or applications as are attached thereto and made a part thereof." (*Anderson v. John Hancock Mutual Life Insurance Co.* (1942), 316 Ill. App. 338, 342-43, 45 N.E.2d 39, 41.) In the instant case Milwaukee Mutual did not include any conditions precedent in the insurance policy and to rely upon the misrepresentation of Woodson the application should have been attached to the insurance policy.

More recent cases involving automobile insurance coverage have held that pursuant to the Insurance Code (Ill. Rev. Stat., ch. 73, par. 766), the application must be attached to the policy for the insurer to void the policy because of a misrepresentation in the application for insurance. (*Freberg v. Coronet Insurance Co.* (1968), 96 Ill. App. 2d 39, 238 N.E.2d 175; *Loving v. Allstate Insurance Co.* (1958), 17 Ill. App. 2d 230, 149 N.E.2d 641.) While it is clear that the insurer is not absolutely required to attach the application to the insurance policy however, the failure to do so will prevent assertion of the misrepresentation contained therein by the insurer in a later attempt to have the policy declared null and void.

■■ The case of *Mollihan v. Stephany* (1st Dist. 1975), 35 Ill. App. 3d 101, 340 N.E.2d 627, declares the public policy of our State favoring coverage under an insurance policy whenever the facts justify such coverage. Consistent with that policy and the supporting case law we believe the failure of Milwaukee Mutual to attach the application which contained the misrepresentation to the insurance policy should prevent it from relying upon those misrepresentations to defeat Woodson's coverage. The primary purpose of requiring the application to be attached to the insurance policy is to allow for objective evidence of negotiations at the time of application for the protection of the insured from possible frauds by insurance agents in falsifying the answers given by the insured in applying for the insurance. In such a case if the application is not attached to the policy, so that the insured can examine it carefully, he labors under

the mistaken impression that he is protected by the insurance policy issued to him when, in fact, he may not have any coverage. Under the present factual situation Woodson applied for the insurance on November 14, 1972, and it was not until January 15, 1973, that he received any indication that he was not insured. During the time period of over two months, Woodson believed he had insurance coverage. The facts are undisputed that the application containing the misrepresentations was not attached to the issued insurance policy. For some unexplained reason Milwaukee Mutual did not even learn of Woodson's bad driving record until January 10, 1973. The applicability of the statute is limited to the negotiation stage and not thereafter. *Government Employees Insurance Co. v. Dennis* (1965), 65 Ill. App. 2d 365, 212 N.E.2d 759.

Milwaukee Mutual has attempted to distinguish between "fraud in the inducement" and "misrepresentation" in an effort to avoid the application of section 154 of the Insurance Code (Ill. Rev. Stat. 1971, ch. 73, par. 766). Although we find no error with Milwaukee Mutual's theory of what constitutes fraud in the inducement we agree with the conclusion of the trial court that Woodson's conduct and the false statements in the application for insurance are specifically the type of misrepresentations to which section 154 (Ill. Rev. Stat. 1971, ch. 73, par. 766) was designed to apply.

Milwaukee Mutual relies upon the case of *Carroll v. Preferred Risk Insurance Co.* (1966), 34 Ill. 2d 310, 215 N.E.2d 801, to support its theory that the insurance policy here should be void. We believe the *Carroll* case is distinguishable. Although the result reached by the court in *Carroll* does support Milwaukee Mutual's theory, the facts of the case are quite distinguishable. The most significant difference between the present case and *Carroll* is that there the accident happened at a point in time after the insured had applied for insurance, but before the insurer had issued the policy. In our view the *Carroll* case concerned itself with the duty owed by the proposed insured to disclose information while the insurance application is pending and before the policy had been issued. In the case at bar the application was no longer pending but the policy without the application being attached had already been issued when the accident occurred. It is clear then that section 154 of the Insurance Code (Ill. Rev. Stat. 1971, ch. 73, par. 766) applies to the present case and the application was required to be attached to the policy for Milwaukee Mutual to rely on Woodson's misrepresentations.

The case of *Tesluk v. Metropolitan Life Insurance Co.* (1970), 130 Ill. App. 2d 290, 264 N.E.2d 566, also relied upon by Milwaukee Mutual is distinguishable for the reason that the case involved a full disclosure of facts to the insurance agent and then his collusion with the insured to misrepresent certain facts in the application. The court held that the

insured's notice and disclosure to the insurance agent would not be notice to the insurer because of collusion between the two. No such collusion existed in the present case. The case of *Gulf Atlantic Life Insurance Co. v. Merchants & Manufacturers State Bank* (1st Dist. 1974), 18 Ill. App. 3d 48, 309 N.E.2d 290, is also distinguishable. There a bank applied for a credit life insurance policy for a customer and misrepresented to the insurance company that the proposed insured was in good health when the bank was fully aware that the proposed insured was in very bad health, and actually hospitalized at that very time by congestive heart failure. It is clear in the *Gulf Atlantic Life Insurance Co.* case that it was the bank who applied for the policy and not the proposed insured. There the court held that the bank was required to act in good faith with the insurance company and disclose its knowledge concerning the bank's debtor's health. In the instant case Woodson also owed a duty to disclose his past driving record in the application. Even though he misrepresented his driving record, we hold Milwaukee Mutual cannot rely upon that misrepresentation without first complying with section 154 of the Insurance Code (Ill. Rev. Stat. 1971, ch. 73, par. 766).

For the reasons stated the judgment of the Circuit Court of Knox County is affirmed.

Judgment affirmed.

ALLOY and STOUDER, JJ., concur.