Holsinger, Theis and Company, Appellant, v. J. W. Holsinger and Norman W. Holsinger, Appellees.

Term No. 46M4.

Opinion filed October 4, 1946. Released for publication November 12, 1946.

JOHN B. HARRIS, of Granite City, for appellant.

JESSE R. BROWN, of Edwardsville, for appellees.

MR. JUSTICE BARTLEY delivered the opinion of the court.

The plaintiff, appellant here, filed its complaint in equity in the circuit court of Madison county against the defendants, appellees here, asking that a writ of injunction issue restraining the defendants from using the information contained in the card index or other records of the plaintiff showing the name and address of each insurance policyholder and detailed information concerning the policy, together with the date of expiration; from attempting to effect any contract of insurance or renewal by means of such information; and that said card index and other records be ordered surrendered to the plaintiff; that an accounting be taken of the profits and commissions received by the defendants on business obtained by them by use of said card index and other records of the plaintiff; that an accounting be taken of the commissions received by the defendant, J. W. Holsinger, from May 8, 1937, to the time of such accounting, on renewal premiums on life insurance policies issued by Federal Life Insurance Company through J. W. Holsinger as its general agent, from April 1, 1923, to May 8, 1937, and that a money decree be entered in favor of the plaintiff for the amounts found on said accounting to be due.

Issue was joined and the cause was referred to the master in chancery of said court to hear and report with conclusions of law and fact, and upon the expiration of his term of office, he was appointed a special master in chancery to complete the case.

The master, after full hearing and the overruling of objections to his report, filed the same recommending a decree making permanent the writ of injunction previously issued against the defendants, which preliminary injunction restrained the defendants from using or publishing the information contained in any list copied from the records of the plaintiff or from using for the profit of either or both of them any information possessed by either of them concerning the names of customers of the plaintiff, the expiration dates of policies written by the plaintiff, or any other information secured by the defendants or either of them from the card index showing the name and address of each policyholder, the policy number, the name of the company carrying the risk, the amount of the policy, the kind of risk, whether residence, business building, automobile or special hazard, the place where the risk was located and the date of the expiration of the policy, and from attempting to perfect any contract of insurance with any person or corporation, or a renewal of any policy of any person or corporation by means of the information contained in said card index or list of policyholders, all of which was in accordance with the prayer of the complaint, and ordering the defendant, J. W. Holsinger, to pay the sum of $3,325.94 to the plaintiff, and also to pay to plaintiff such further sums as may be realized by him after March 4, 1942, this last date being the last date shown by the proofs as to the payment of renewal premiums to J. W. Holsinger, for annual renewal commissions paid by the Federal Life Insurance Company of Chicago on policies written prior to May 8, 1937. As to the prayer for an accounting of the commissions earned by the defendants on fire insurance renewals obtained by the defendants from data contained in plaintiff's card index of expiration dates, the master found, to which finding the plaintiff conceded, that the evidence as to the profit or commissions made by the

defendants was very meager and insufficient as a basis for the finding of any specific amount of damage.

The objections filed to the master's report were allowed to stand as exceptions, and the court on June 8, 1945, entered its decree sustaining the exceptions to the master's report and dismissing the complaint for want of equity, and apportioning the costs between the parties, the same having previously been paid, in the proportions paid.

The plaintiff is an Illinois corporation organized in December 1923, and began operations about January 1, 1924. It was organized to operate an insurance, loan, and real estate agency, and succeeded to the real estate, loan and insurance business of Jacob W. Holsinger and Charles H. Theis, two of the organizers of the corporation, who were the owners of the business and had operated it as a partnership under the name of Holsinger & Theis, and carried on a general business in accordance with the terms of its charter. In the early part of 1937, having been hard hit during depression years, it was indebted in an amount exceeding $100,000. At that time, the defendant, Jacob W. Holsinger, was president of the corporation and Charles H. Theis was vice president and treasurer. On May 8, 1937, Holsinger surrendered his stock in the corporation to Theis, gave him his resignation as president and director of the corporation, and walked out of the office and shortly thereafter opened an insurance and real estate office directly across the street from the plaintiff and began business there with his son, defendant Norman W. Holsinger, who prior to May 8, 1937, had been employed as a solicitor for the plaintiff, and has been engaged in such business in competition with the plaintiff from that date.

The complaint against the defendants was filed May 5, 1939. It alleged that in the course of its business, plaintiff had compiled a card index of its insurance customers, showing the name and address of each

policyholder and detailed information concerning the policy, together with the date of expiration, and that this expiration register or card index constituted a valuable asset and trade secret of the plaintiff; that the defendant, J. W. Holsinger was president and director of the plaintiff at the time of its organization and to May 8, 1937; that his son, defendant, Norman W. Holsinger, worked for the plaintiff prior to May 8, 1937, and that both Holsingers had access to the business assets and trade secrets of the plaintiff, including said card index; that both of them severed their connection with the plaintiff, on May 8, 1937; that immediately after severing their connection with the plaintiff, the defendants, under the name of J. W. Holsinger & Son, went into the insurance business in competition with the plaintiff, and that they were using the information gained from the card index to their own benefit and advantage by seeking the renewal in companies of their own from plaintiff's policyholders whose policies were about to expire as shown in said card index; that these practices had caused, and would in the future cause irreparable injury to the plaintiff and a substantial loss of its business and good will, and would result in giving to the defendants an insurance business which they would not obtain except for the knowledge of the trade secrets of the plaintiff, surreptitiously obtained by them during a fiduciary or employee relationship with the plaintiff.

The complaint further alleged that for many years, the defendant, J. W. Holsinger, had been in the business of selling life insurance as a general agent for Federal Life Insurance Company of Chicago; that when the said J. W. Holsinger formed a partnership with Charles H. Theis, on April 1, 1923, a part of the assets put into the partnership business by the said Holsinger was his right to commissions on renewal premiums on policies written by him, said renewal commissions accruing from year to year as the renewal

premiums on said policies were paid; that when the plaintiff corporation was formed, Holsinger and Theis both put into the corporation all the assets of the partnership, transferring such assets to the corporation in exchange for corporate stock; that one of the partnership assets so transferred to the corporation was the right to commissions on renewal premiums paid from year to year on life insurance policies written by said Holsinger in said Federal Life Insurance Company of Chicago; that notwithstanding the fact that these renewal commissions constituted corporation assets, the said J. W. Holsinger, since he severed his connection with the plaintiff corporation, had been receiving and pocketing all such commissions for himself.

The complaint further alleged that when the defendant, J. W. Holsinger left the corporation on May 8, 1937, it was in a bad financial condition and owed a large amount of debts which it was without present ability to pay; that at the time of severing his connection with the plaintiff corporation, said defendant, J. W. Holsinger, voluntarily assigned and delivered his stock in plaintiff corporation to the treasurer thereof, and that he thereafter had no further interest in the plaintiff corporation.

The prayer of the complaint was as hereinabove set out.

The defendants filed their verified answer to the complaint admitting that the defendant, J. W. Holsinger, without the consent or permission of plaintiff, copied the list of plaintiff's insurance customers, as well as all information contained on its card index, and particularly the future expiration dates of its policies; that the information gained from such records was used to the benefit and advantage of defendants; that having knowledge from said records when an insurance policy written by the plaintiff would expire, said J. W. Holsinger communicated with plain-

tiff's policyholder prior to the expiration dates of their policies, informed them that their insurance was about to expire on a certain date, and sought a renewal of such insurance in companies represented by the defendants; that when J. W. Holsinger formed a partnership with Charles H. Theis on April 1, 1923, a part of the assets said Holsinger contributed to said partnership consisted of his right to commissions on renewal premiums on Federal Life Insurance Company policies; that when the plaintiff corporation was formed, all the assets of the partnership, including the right to commissions to accrue on the payment of renewal premiums on life insurance policies, were turned over to the plaintiff corporation in exchange for corporate stock; that on May 8, 1937, the plaintiff corporation was in a bad financial condition and owed a large amount of debts which it could not then pay; that at the time J. W. Holsinger, voluntarily assigned and delivered his shares of stock in the plaintiff corporation to the treasurer thereof, and thereafter ceased to have any connection with the plaintiff; that although the commissions on the annual renewal of life insurance policies previously sold by J. W. Holsinger while a partner in the firm of Holsinger and Theis and while president and stockholder of the plaintiff corporation, are a part of the assets of the plaintiff, nevertheless, since said J. W. Holsinger severed his connection with the plaintiff, he has pocketed and kept all such commissions and has refused and will continue to refuse to deliver the same to the plaintiff.

The answer stated, upon information and belief, that plaintiff had not been engaged in the insurance business of any kind since about May 15, 1937; that plaintiff had assented to defendants' operation of its insurance business for more than two years; that plaintiff had permitted its insurance agency to be assigned to Charles H. Theis, president of the plaintiff corporation, and that said corporation for more than

two years, had permitted Theis to use the card index described in plaintiff's complaint and to pocket the commissions on the renewals of the insurance of the former customers of the plaintiff.

By an amendment or addition to the defendants' answer, it is alleged that the plaintiff did not write life insurance at any time and that it had not written any kind of insurance since May 20, 1937; that it was not engaged in the insurance business at the time it filed its suit and is not now so engaged; that certain portions of plaintiff's complaint is immaterial because there is no allegation that plaintiff has been in the insurance business since May 8, 1937, and does not allege any agreement on the part of the defendants as to the card index; that the paragraph of the complaint relative thereto does not plead the terms of any agreements as to commissions on renewal premiums on life insurance policies; that defendants never at any time entered into an agreement with the plaintiff as to such commissions; and that plaintiff is barred by the law of this State from bringing this suit, for the reason that it was not engaged in the insurance business at the time, and had not been so engaged for two years prior thereto.

The special master in chancery found in his report that plaintiff corporation has since 1924, been engaged in the real estate and insurance business in Granite City; that the defendant, J. W. Holsinger, was a director and president of the plaintiff from January 1924, to May 8, 1937; that the defendant, Norman W. Holsinger, son of J. W. Holsinger, was employed as insurance solicitor on a commission basis; that in the course of its business, the plaintiff compiled a card index showing the name and address of each insurance policyholder, the name of the company carrying the risk, the amount of the policy, the kind of risk, the location of the property insured, and the date of expiration of the policy; that this card index was kept in

chronological order, month by month and year by year, so that information concerning all policies expiring in any particular month was assembled together; that the list was and is a valuable asset and trade secret of plaintiff corporation; that on May 8, 1937, the defendant, J. W. Holsinger, severed his connection with plaintiff and ceased to be a director, president or stockholder of plaintiff; that at the same time, the defendant, Norman W. Holsinger, severed his relations with plaintiff; that prior to his retirement from plaintiff, the defendant, J. W. Holsinger, made a copy of the card index list hereinbefore described; that after their severance of relations with plaintiff, the defendants, J. W. Holsinger and Norman W. Holsinger, went into the insurance business in competition with plaintiff corporation; that said defendants used the information available from their copy of the aforesaid card index list for their own benefit and advantage, seeking the renewal business on insurance policies of the plaintiff for themselves by communicating with the policyholders prior to the expiration dates of their policies as disclosed by the copy of the card index list, and asking for the renewal of the insurance with companies represented by them; that this has resulted in loss and damage to plaintiff corporation and will, unless restrained, continue to cause plaintiff to suffer loss and damage; that defendant, J. W. Holsinger, prior to April 1, 1923, had been engaged in the business of selling health and accident and life insurance as general agent for the Federal Life Insurance Company of Chicago; that the annual payment of premiums on such insurance policies by policyholders is, in insurance practice, considered an annual renewal of the policies; that upon such annual renewals, commissions are paid for a period of years anually by the insurance companies to the general agent selling the policy; that when the defendant, J. W. Holsinger, on April 1, 1923, formed a real estate and insurance business partner-

ship with Charles H. Theis, the contract rights of J. W. Holsinger to the renewal commissions on insurance policies with the Federal Life Insurance Company of Chicago were a part of J. W. Holsinger's contribution to the partnership and became part of the partnership assets; that the partnership continued until the formation of plaintiff corporation; that the contractual right of J. W. Holsinger to annual insurance renewal commissions on policies written before the formation of the partnership, during the partnership, and after the formation of plaintiff corporation all became, by agreement, assets of the plaintiff, the consideration therefor being the issuance of shares of stock in plaintiff corporation to J. W. Holsinger; that since May 8, 1937, J. W. Holsinger has retained and kept all such commissions on renewal of insurance policies written prior thereto, and has refused and failed to pay and deliver same to plaintiff; that plaintiff is entitled to such renewal commissions; that for the period from May 8, 1937, to March 4, 1942, these annual renewal commissions on policies written prior to May 8, 1937, were paid by the Federal Life Insurance Company of Chicago to the defendant, J. W. Holsinger, and amount in the aggregate to $3,325.94.

The master made the recommendations hereinbefore set forth, and that the costs of the proceedings be taxed against the defendants.

The plaintiff has, by proper assignment of errors, questioned the action of the court in sustaining the exceptions to the master's in chancery report, and asks that the cause be reversed; that a decree be entered making the temporary injunction permanent, awarding the plaintiff judgment for $3,325.94 with legal interest thereon from the date defendants' exceptions to the master's report were sustained, namely June 6, 1944, ordering and directing the defendants to deliver up to the plaintiff corporation the copy which they have in their possession of plaintiff's card index or

insurance expiration register, and assessing the costs in the case against the defendants.

The position of the plaintiff is, briefly, that the card index or records of its insurance customers constituted a valuable asset and trade secret of the plaintiff which the defendants, while acting in a fiduciary capacity, took to their own use and used to their own advantage, and to the irreparable injury of plaintiff; that the renewal premiums due from the Federal Life Insurance Company up to the date that the defendants severed their connection with the plaintiff, May 8, 1937; had been equitably assigned to the plaintiff and that upon their receipt by the defendant, J. W. Holsinger from the insurance company, he received them in trust for the plaintiff, and that in such instances, a court of equity will afford relief.

The defendants contend that the plaintiff cannot maintain this action because it does not come into court with clean hands in that it is not, and has not been in the insurance business since May 8, 1937, and does not have, and has not had a license to do an insurance business since that time, and that it cannot maintain the suit for renewal commissions in a court of equity, because it has not offered to do equity by compensating the defendant, J. W. Holsinger, for his services in the collection of renewal commissions; that plaintiff has no right to use the card index list since it has no license to do business, and therefore, it cannot be injured; that plaintiff cannot recover the renewal commissions because it is not shown that the plaintiff does not have an adequate remedy at law; and that there is no showing of any agreement that plaintiff was to have the renewal commissions.

■ A confidential record of an insurance agency showing the names and addresses of the policyholders, detailed information concerning the policies, together with the date of expiration and the like, are assets and trade secrets of such agency which a court of

equity will protect against wrongful appropriation and use. *Witkowsky v. Affeld,* 283 Ill. 557; *Boylston Coal Co. v. Rautenbush,* 237 Ill. App. 550.

The master in chancery found, as hereinbefore set out, that at the time the defendants severed their relations with the plaintiff, they took with them a copy of the card index of the plaintiff showing the names and addresses of the insurance policyholders of the plaintiff, the names of the companies carrying the risks, the amount of the policies, the kind of risks, the location of the properties insured, and the dates of the expiration of the policies, and that they used this list for their own benefit and advantage, and to the injury of the plaintiff. An examination of the evidence in the cause shows that the master in chancery was right in this conclusion. Moreover, the facts as to the wrongful appropriation and use of the information contained in the index by the defendants as alleged in the complaint, is admitted by the answer of the defendants, and the admission by the answer of a defendant of facts alleged in a complaint is conclusive upon such defendant and any evidence tending to dispute such facts should not be considered. *Weider v. Clark,* 27 Ill. 251.

On the issue of the ownership of the renewal premiums received by the defendant, J. W. Holsinger, from the Federal Life Insurance Company, the evidence supports the conclusion of the master that they had been equitably assigned to the plaintiff, and that upon their receipt by the defendant, J. W. Holsinger, he held them in trust for the plaintiff. In fact, the essential facts as to this controversy are all likewise admitted by the answer of the defendant as alleged in the complaint of the plaintiff, and such admissions are binding on the defendants apart from the questions of proof.

No particular form is necessary as to the validity of an assignment of a chose in action. Any

order, writing or act which makes an appropriation of a fund amounts to an equitable assignment of the fund. Any words are sufficient which show an intention of transferring the chose in action to the assignee for a valuable consideration. The ultimate question in all cases of equitable assignment is always what was intended by what was said and done by the parties.

A court of equity will recognize and protect an equitable assignment. *Lewis v. Braun,* 356 Ill. 467.

As to the contention of the defendants that the plaintiff does not come into a court of equity with clean hands, we fail to see any applicability of the maxim here. Generally complainant's wrong doing to bar him from relief on such ground must be connected with the subject of litigation and have some relation to the rights of the parties arising out of the transaction. If we concede that the plaintiff is no longer in the insurance business, which we do not, that fact would not give the defendants the right to destroy the property right of the plaintiff in its valuable record of policyholders, expirations, and so forth. The evidence shows that the corporation has continued in the insurance agency business; that licenses and agency contracts are in the name of its present president, Charles H. Theis, individually, and that the commissions as collected from time to time are turned into the corporation as its assets. The reason for this is that because of the financial condition of the corporation, the insurance companies demanded that it be done in this manner.

As to the argument of the defendants that the plaintiff is barred because it does not have a license to do an insurance business, the cases cited to the effect that an agent, broker or solicitor and the like, cannot recover a commission where he acted in violation of law in that he had no license to so act, has no application here because it is not sought to recover commissions as such, but rather the monies received by the

defendant, J. W. Holsinger, from the Federal Life Insurance Company of Chicago as renewal commissions, which are assets of the plaintiff. *Gross v. Strauss,* 208 Ill. App. 263.

The argument of defendants that the plaintiff has not offered to do equity by compensating the defendant, J. W. Holsinger, for his services in connection with the collection of renewal commissions, is rather specious. His services consisted, in this respect, of receiving checks from the insurance company and indorsing them.

■■ As to the contention of the defendants that the plaintiff has an adequate remedy at law in the collection of the renewal commissions, it is sufficient to say, as we have heretofore pointed out, that the assignment of such renewals being an equitable assignment creating a trust in favor of the plaintiff, that such is within the well-known jurisdiction of a court of equity. In addition, the court having jurisdiction because of the proceedings for injunction on account of the appropriation and use of the confidential index or record of the plaintiffs, it should go on and adjudicate the rights of the parties in accordance with the well-known principle that a court of equity having jurisdiction for one purpose, in order to grant complete relief to the parties, will adjudicate other questions before it, involved in the same subject matter, even though it might be necessary to pass upon legal rights.

The contention of defendants that there is no showing of any agreement that plaintiff was to have the renewal commissions due from the Federal Life Insurance Company of Chicago has been answered by what has heretofore been said in this opinion.

We have carefully considered all the contentions of the plaintiff and the defendants and the record in the cause. The findings of fact of the special master in chancery are in accordance with the evidence and

with the admissions made by the pleadings and, in our opinion, the conclusions reached by the master are correct.

The plaintiff, in its appeal here, does not seek any relief as to renewal commissions received by defendant, J. W. Holsinger, subsequent to the date shown in the evidence before the master. As to the claim for interest made by the plaintiff from the date the defendants' exceptions to the master's report were first sustained by the court, being June 6, 1944, equity follows the rule to allow interest where warranted by equitable considerations and refuse such allowance when it does not comport with justice. *McKey v. McCoid,* 298 Ill. 566. In our view, to allow the interest asked for, would not comport with justice.

The decree of the circuit court of Madison county is reversed and the cause remanded with directions to the trial court to enter a decree overruling the exceptions to the master's report, except to the extent as required to comport with the other provisions of the decree here directed, and making permanent the temporary injunction heretofore issued in this cause, modified as here indicated, restraining the defendants from using or publishing the information contained in any list copied from the records of the plaintiff or from using for the profit of either or both of them, any information concerning the names of customers of the plaintiff, the expiration dates of policies written by the plaintiff or any other information secured by the defendants, or either of them, from the card index showing the name and address of each policyholder, the policy number, the name of the company carrying the risk, the amount of the policy, the kind of risk, whether residence, business building, automobile or special hazard, the place where the risk was located, and the date of the expiration of the policy, and from attempting to perfect any contract of insurance with any person or corporation, or a

renewal of any policy of any person or corporation by means of the information contained in said card index or list of policyholders and entering judgment in favor of the plaintiff and against the defendant, J. W. Holsinger, for $3,325.94 and judgment for costs of suit against the defendants.

*Reversed and remanded with directions.*

CULBERTSON, P. J., and STONE, J., concur.