B. R. Paulsen & Co., Inc., an Illinois Corporation, Plaintiff-Appellant, v. Leonard M. Lee, LeRoy L. Lee, and Clara Lee, d/b/a Lee Supply & Tool Company, and Frank R. Garapolo, et al., Defendants-Appellees.

Gen. No. 51,420.

First Judicial District.

April 24, 1968.

Henehan, Donovan & Isaacson, of Chicago (Edward V. Donovan, Jr. and Malcolm W. Burnett, Jr., of counsel), for appellant.

Arnstein, Gluck, Weitzenfeld & Minow, of Chicago (Guy E. Rodrick, Louis A. Lehr, Jr., and Eugene J. Kelley, Jr., of counsel), for appellees.

GOLDENHERSH, J.

Plaintiff appeals from the judgment of the Circuit Court of Cook County entered in favor of all defendants upon allowance of defendants' motion to strike its complaint and dismiss the cause of action.

In Count I of its complaint plaintiff alleges that for approximately 39 years it had engaged in the business of selling mill supplies at wholesale, that it enjoyed a good reputation and the goodwill of many customers who constantly and continually purchased its goods, that defendants, Leonard M. Lee, LeRoy L. Lee and Clara Lee, copartners, doing business as Lee Supply & Tool Company, were for a long period of time engaged in a business similar to that of plaintiff, that in July 1965, these defendants attempted to institute preliminary negotiations to purchase all of plaintiff's assets including its goodwill, but that the negotiations were not further pursued because plaintiff expressed no interest in a sale, that plaintiff on January 11, 1966, employed 15 persons among whom were defendant, Frank R. Garapolo, who served as its sales manager and also engaged in selling plaintiff's merchandise, defendant, George A. Stadler, its chief purchasing agent, defendants, John L. Jach and Lee V. Cunningham, employed as salesmen, and defendant, Viola A. Henderson, its assistant purchasing agent, that each of these defendants performed duties "which were the very essence of plaintiff's business," each was a key employee and thus, in the course of his duties had acquired confidential information important to the operation of

148

plaintiff's business such as its list of customers, its policy with respect to quotation of prices, its costs, and its sources of merchandise, disclosure of which information to a competitor would be damaging to plaintiff's business, that each of such employee defendants, by virtue of their respective key positions owed plaintiff a fiduciary duty of good faith and fair dealing, that defendants, Frank R. Garapolo, John L. Jach and Lee V. Cunningham, in the course of the performance of their duties for plaintiff acquired the goodwill of a large number of plaintiff's customers "wholly as a result of the plaintiff's good reputation and long course of business."

Plaintiff also alleges:

"9. That the defendants, Leonard M. Lee, LeRoy L. Lee and Clara Lee, d/b/a Lee Supply & Tool Company, did encourage and conspire with the defendants, Frank R. Garapolo, George A. Stadler, John L. Jach, Lee V. Cunningham and Viola A. Henderson for the purpose of inducing them to leave the employment of the plaintiff and to instead enter employment with them and that they did such for the purpose of unlawfully and wrongfully benefiting themselves and for obtaining the confidential business secrets of the plaintiff and thus and thereby obtaining the advantage of the plaintiff's long experience and acumen and particularly converting the goodwill of the plaintiff by way of acquiring its customers and key employees and for the unlawful and wrongful and malicious purpose of injuring the business of the plaintiff for their own benefit and competitive advantage.

"10. That the defendants, Frank R. Garapolo, George A. Stadler, John L. Jach, Lee V. Cunningham and Viola A. Henderson did conspire with the defendants, Leonard M. Lee, LeRoy L. Lee and Clara Lee, d/b/a Lee Supply & Tool Company, and with one

another for the purpose of unlawfully and wrongfully aiding and abetting the defendants, Leonard M. Lee, LeRoy L. Lee and Clara Lee, d/b/a Lee Supply & Tool Company, in the realization of their objectives as set forth in paragraph 9 hereof and for the purpose of benefiting themselves thereby; and furthermore, that they did in furtherance of such objectives enter into the employment of the defendants, Leonard M. Lee, LeRoy L. Lee and Clara Lee, d/b/a Lee Supply & Tool Company, and have or intend to disclose to them the confidential information referred to in paragraph 7 hereof."

Plaintiff further alleges that the defendants who are its former employees "have threatened to and in fact intend to disclose" the confidential information to the defendants Lee, and intend to convert plaintiff's long experience, acumen and goodwill and transfer same to the defendants Lee by depriving plaintiff of all or a great part of its principal customers and key employees, that the defendants who are its former employees, at the behest of defendants Lee, in furtherance of their unlawful, wrongful and malicious purposes caused another salesman-employee to terminate his employment with plaintiff without notice; that by reason of the "aforesaid conspiracy among and between the defendants and their aforesaid overt acts" plaintiff has been deprived of virtually all its key employees, will be deprived of its goodwill, the greater part of its customers and will be competitively damaged and its business destroyed.

In Count II plaintiff repeats and realleges many of the allegations of Count I, alleges that it will sustain great and irreparable damage unless its former employees are restrained from revealing the confidential information above described and prays the issuance of a writ of injunction.

Defendants, jointly moved to strike the complaint, deny the writ of injunction and dismiss the action on the

grounds that the complaint did not allege (a) a contractual arrangement or other understanding, oral or written, between plaintiff and its former employees, defendants here, which would prevent their leaving plaintiff's employ, restrict their seeking other employment, limit their conduct with regard to confidential matters, require notice of termination of their employment or create a fiduciary relationship; (b) a restriction on the defendants Lee to refrain from competing with plaintiff or hiring the defendants, formerly plaintiff's employees, or any of them; (c) that the employee-defendants had "knowledge or notice of any secrecy or confidential status of any of the policies, prices or customers of plaintiff." In their motion defendants state that the allegations of conspiracy, that the employee-defendants are key employees, and the existence of a "fiduciary duty," are mere conclusions.

The motion was argued and allowed, plaintiff elected to stand on its complaint, the complaint was stricken and the case dismissed, and this appeal followed.

Defendants contend before this court that the complaint does not (a) state a cause of action for the reason that it does not contain such information as reasonably informs the defendants of the nature of the claim which they are called upon to meet (b) charge defendants with an actionable conspiracy to injure plaintiff's business (c) state a cause of action for unjustifiable interference with the relationship of employer and employee (d) contain allegations which establish a breach of the duty of good faith and fair dealing owed by an employee to his employer.

■ The purpose of a complaint, and the test of its sufficiency, is that it inform the defendant of a valid claim under a general class of cases. Irving v. Rodriquez, 27 Ill App2d 75, 169 NE2d 145.

■ ■ "In a civil case the wrongful acts alleged to have been done in pursuance of a conspiracy, and not the

fact of the conspiracy itself, is the gist of the action for damages. Hardy v. Bankers Life & Cas. Co., 19 Ill App2d 75, 153 NE2d 269; Seno v. Franke, 16 Ill App2d 39, 147 NE2d 469. The charge of conspiracy is merely an aggravation of the alleged wrongful acts; it serves the purpose of associating all the defendants with the acts done, and the declarations made, by any one of the defendants in pursuance of the conspiracy." Ammons v. Jet Credit Sales, Inc., 34 Ill App2d 456, 465, 181 NE2d 601.

"It is well settled the mere allegation of a conspiracy does not of itself constitute the allegation of a wrong upon which liability for damages may be predicated. It is the act performed in pursuance of the agreement that may result in liability." Bertash Market Co. v. Brown, 70 Ill App2d 8, 16, 217 NE2d 362.

In a case decided in England in 1880 (Bowen v. Hall, 50 LJQB 305) the court said: "Merely to persuade a person to break his contract may not be wrongful in law or fact. But, if the persuasion be used for the indirect purpose of injuring the plaintiff, or of benefiting the defendant at the expense of the plaintiff, it is a malicious act, which is law and in fact a wrong act, and therefore a wrongful act, and therefore an actionable act if injury ensues from it. . . . The theory of this doctrine is that a party to a contract has a property right therein which a third person has no more right maliciously to deprive him of, or injure him in, than he would to injure his property real or personal, and that therefore such an injury amounts to a tort for which the injured party may claim compensation by an action in tort for damages. Under such circumstances to say that the injured party has his remedy against the other contracting party is in many cases offering a mere shadow for substance, for oftentimes the other party to the contract may be financially irresponsible. The contractual relation of master and servant is still that with reference

to which the rule here considered is most frequently invoked."

The Supreme Court in Doremus v. Hennessy, 176 Ill 608, 52 NE 924, followed Bowen v. Hall and as the Appellate Court said in Cook-Master, Inc. v. Nicro Steel Products, Inc., 339 Ill App 519, 90 NE2d 657, at page 534: "We need not look beyond Doremus v. Hennessy. . . . The rule there laid down has not been departed from in this state."

█ The malicious inducement of an employee to terminate his existing employment and enter the employ of another gives rise to a cause of action, Bloom v. Bohemians, Inc., 223 Ill App 269, and the fact that the contract of employment is terminable at will does not bar recovery. W. P. Iverson & Co., Inc. v. Dunham Mfg. Co., 18 Ill App2d 404, 152 NE2d 615.

█ Lists of customers compiled in the course of business are valuable assets, and our courts have consistently protected their owners against improper use by persons who by virtue of their employment have gained knowledge of them. Witkowsky v. Affeld, 283 Ill 557, 119 NE 630; Holsinger, Theis & Co. v. Holsinger, 329 Ill App 460, 69 NE2d 360; Boylston Coal Co. v. Rautenbush, 237 Ill App 550; Litow v. Aurora Beacon News, 61 Ill App2d 127, 209 NE2d 668.

In Schulenburg v. Signatrol, Inc., 33 Ill2d 379, 212 NE2d 865, at page 387, the Supreme Court said: "It is clear that an employee may take with him, at the termination of his employment, general skills and knowledge acquired during his tenure with the former employer. It is equally clear that the same employee may not take with him confidential particularized plans or processes developed by his employer and disclosed to him while the employer-employee relationship exists, which are unknown to others in the industry and which give the employer advantage over his competitors. The facts and circumstances in a particular case sometimes

153

necessitate the drawing of a fine line of distinction in determining which rule should properly apply." Whether the information allegedly gained by plaintiff's former employees as to its policy with respect to quotation of prices, its costs, and its sources of merchandise falls within the scope of "general skills and knowledge" acquired by the employee, or "confidential particularized plans," is a matter of proof, and is not determinable at this time.

 From our review of the record and authorities, we conclude that the complaint charges sufficient facts to state a cause of action of conspiracy to injure plaintiff's business, wrongfully interfere with its relationship with its employees and to make improper use of information obtained by the employee-defendants in their respective positions while in plaintiff's employ. Obviously plaintiff is not required to plead its evidence and as stated in Field v. Oberwortmann, 14 Ill App2d 218, 144 NE2d 637, at page 221, "A plaintiff need not allege with precision facts which 'to a much greater degree of exactitude' are within the knowledge of defendants rather than of plaintiff."

In their argument under sections I and II of their brief, defendants charge many deficiencies in the language of the complaint. If such deficiencies do in fact exist, they are semantic, and not legal, in nature, and do not serve to render the complaint insufficient as a matter of law.

For the reasons herein set forth the judgment of the Circuit Court of Cook County is reversed and the cause remanded with directions to vacate the order of dismissal and for further proceedings consistent with his opinion.

Judgment reversed and cause remanded with directions.

EBERSPACHER and MORAN, JJ., concur.