Helen M. Freberg, First National Bank of Deerfield, Plaintiffs-Appellees, Charles Freberg, Plaintiff, v. Coronet Insurance Company, Defendant-Appellant, Personal Insurance Agency, Frank R. Munch and Jack Lane, Defendants.

Gen. No. 51,827.

First Judicial District.

May 22, 1968.

M. A. Haft & Associates, of Chicago (Lee Phillip Forman, of counsel), for appellant.

James R. Mitchell and John W. Damisch, of Chicago (Jurco, Damisch & Sinson, of counsel), for appellees.

EBERSPACHER, P. J.

This is an action by Helen Freberg, her son Charles Freberg and the First National Bank of Deerfield against Coronet Insurance Company, Personal Insurance Agency, Frank R. Munch and Jack Lane. The suit against Coronet Insurance Company is based upon an insurance contract issued to Helen M. Freberg. The suit against the remaining defendants is based upon negligence of these parties in the preparation of the application and other documents pertaining to the insurance contract issued by the defendant Coronet. The case was tried without a jury. At the conclusion of the trial the court entered judgment for the plaintiffs Helen M. Freberg and the First National Bank of Deerfield against Coronet Insurance Company. The court further found in favor of the defendants Jack Lane, Frank R. Munch and Personal Insurance Agency and in favor of all of the defendants as to the claim of Charles Freberg. This appeal has been brought by Coronet Insurance Company.

From the evidence it appears that in June of 1964 Helen Freberg purchased a 1963 Buick automobile. Mrs. Freberg made a down payment and the balance was financed at the First National Bank of Deerfield. The car was registered in Mrs. Freberg's name. Although Mrs. Freberg owned another automobile she did drive the car in question occasionally, but the car was primari-

40

ly used by her son, Charles Freberg, who at the time in question was 21 years of age and employed at a service station.

Shortly after the purchase of the car Jack Lane, an insurance broker, met with Charles Freberg at the latter's place of employment for the purpose of obtaining auto insurance for the 1963 Buick. Lane took down information concerning the car, ownership, type of insurance desired, the driver's license numbers, dates of birth and driving record of Charles and his mother, as well as information as to who was to be the prime driver and the percentage of use of each party. Although the automobile was at the service station at this time Lane did not examine it.

Lane then gave this information to the secretary of the defendant, Frank R. Munch, via telephone. Munch was a general agent for certain companies but not for Coronet. Munch transmitted the information to the Fine Agency and the Fine Agency placed the insurance with the defendant Coronet Insurance Company. Coronet issued the policy covering the 1963 Buick for liability and comprehensive, including theft, with Mrs. Freberg as the named insured. The policy contained a loss payable clause in favor of the plaintiff, First National Bank of Deerfield.

The policy was sent by Coronet to the Fine Agency. Fine delivered it to Munch, Munch to Lane and Lane to Freberg. The policy was eventually delivered to the First National Bank of Deerfield and retained in their file.

In October of 1964 Coronet sent notification of cancellation of the policy to Mrs. Freberg for nonpayment of premium. Later Charles Freberg contacted Lane and arrangements were made to have the policy rewritten or renewed. Again Lane contacted the Munch Agency and the request for the rewriting followed the same course except that Munch went through Personal Insurance Agency instead of Fine to Coronet.

41

A new policy was issued which is the subject matter of this law suit. The evidence is undisputed that neither the original application nor the renewal application were attached to the policies or made a part thereof. On the contrary the application remained in the files of Coronet. However, there is some evidence that a copy of the original application was sent to Mrs. Freberg. The applications were signed by neither Mrs. Freberg nor her son.

On the night of January 30, 1965, the car while parked at the home of Charles Freberg mysteriously disappeared and has not been recovered. Coronet denied a claim filed for the loss which resulted in this suit.

In answering the complaint filed by plaintiffs, the defendant Coronet, affirmatively pleaded in defense that the policy was issued in reliance upon misrepresentation made by the plaintiffs. The court, in reaching its decision in favor of the plaintiffs, found that the alleged misrepresentations were material to the risk involved but also found that the defendant was precluded from asserting the defense by the provisions of chapter 73, § 766, Ill Rev Stats.

In its effort to reverse the judgment of the trial court, the defendant asserts that the court erred in its application of section 766, that there was insufficient evidence as to the condition and value of the vehicle and that the plaintiffs failed to sustain their burden of proving the loss itself.

Section 766 of the Insurance Code (c 73, § 766, Ill Rev Stats 1965) provides:

"No misrepresentation or false warranty made by the insured or in his behalf in the negotiation for a policy of insurance, or breach of a condition of such policy shall defeat or avoid the policy or prevent its attaching unless such misrepresentation, false warranty or condition shall have been stated in the

policy or endorsement or rider attached thereto, or in the written application therefor, of which a copy is attached to or endorsed on the policy, and made a part thereof. No such misrepresentation or false warranty shall defeat or avoid the policy unless it shall have been made with actual intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the company. This section shall not apply to policies of marine or transportation insurance."

It is undisputed that the applications containing the alleged misrepresentations were not made a part of the insurance policies. In fact, it is clear that the unsigned applications remained in the files of the defendant Coronet, although Coronet bases much of its argument on the fact that Mrs. Freberg testified that at one time, it is unclear if it was before or after the issuance of the policy, she had a copy of one of the applications, which she did not examine. It is clear, however, that the applications were not attached or made a part of the policies. Upon this evidence the plain language of the statute bars the defendant Coronet from using the alleged misrepresentations contained in the application as a defense. Anderson v. John Hancock Mut. Life Ins. Co., 316 Ill App 338, 45 NE2d 39 (1942) ; Lovings v. Allstate Ins. Co., 17 Ill App2d 230, 149 NE2d 641 (1958).

The defendant's assertion that the plaintiffs failed to sustain their burden of showing the vehicle was in fact lost or stolen is also without merit. Mrs. Freberg testified, without objection, that her son informed her that the car was stolen during January of 1965 and that she had not seen it since. A co-worker of Charles Freberg testified that he had regularly seen the car at his place of employment but had not seen it since January 1, 1965. Also a claim adjuster for defendant testified that he had investigated the case and that he was unable to locate

the car. The evidence was more than sufficient to support a finding of loss or theft. Simond v. Liverpool & London & Globe Ins. Co., Ltd., 219 Ill App 300 (1920).

█ The last allegation of error by the defendant is that the plaintiffs failed to sustain their burden of proving damages. More specifically, the defendant argues that there was no evidence as to the condition of the vehicle on or before the date of the loss.

█ The general rule as to the measure of damages where there is loss or destruction of personal property is its value or reasonable worth at the time and place of its taking or destruction. New York C. & St. L. R. Co. v. American Transit Lines, Inc., 408 Ill 336, 97 NE2d 264 (1951).

Three witnesses testified as to the value of the automobile without objection. The first witness was familiar with the specific car in question and offered his opinion as to the fair cash market value of the car in the area on the date of the loss. The second witness was a car salesman in the area who gave his opinion as to the value of a 1963 Buick with equipment as the Freberg car on the date of the loss. The third opinion as to value was offered by the defendant.

█ The first witness was familiar with the specific car and presumably took into consideration the condition of the auto in giving his opinion. His opinion was given without objection. The third witness was called on behalf of the defendant. The defendant will not be heard to say at this point that this opinion was erroneous.

The finding of the court as to value was within the limits of the testimony and will not be disturbed.

For the above reasons the judgment of the court below shall be affirmed.

Judgment affirmed.

GOLDENHERSH and MORAN, JJ., concur.