KATHERINE L. SCHAFER, Plaintiff-Appellant, *v.* VALLEY FORGE LIFE INSURANCE COMPANY, Defendant-Appellee.

(No. 73-86; )

Second District—October 4, 1974.

48

 

Gordon F. DeHart, of Aurora, for appellant.

Alschuler, Putnam, McWethy, Weiss & Weiler, of Aurora (Robert Peter Grometer, of counsel), for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

The complaint herein seeks recovery of group insurance on the life of Peter F. Schafer. Appellant appeals from a summary judgment by the Circuit Court of Kane County denying recovery on the ground of fraudulent representations made in the application therefor. As will appear, we have concluded that the judgment should be reversed for failure of defendant to establish its compliance with a contract provision for furnishing a copy of the application to the beneficiary or to the insured prior to the latter's death.

Peter F. and Katherine Schafer obtained a real estate loan from First National Bank giving a mortgage as security. Schafer submitted a written application to defendant insurance company seeking insurance on his life under a group policy issued by defendant to First National Bank. In the application Schafer represented that he was in good health and that he had not consulted for or been treated for illness.

A certificate of insurance under the group policy was delivered to Schafer evidencing insurance on his life effective April 1, 1968, and naming the creditor bank as beneficiary. Premiums were paid as required. Schafer was killed in an accident on September 18, 1968, and application was made for the proceeds of the policy. Defendant insurance company denied liability on the ground that Schafer had made false statements as to his health on his application. This action to recover on the policy followed.

At the hearing on the motion for summary judgment the application was introduced as well as evidence that Schafer had recently been treated for a heart condition which was not shown on the application. As stated the court ruled that Schafer's misrepresentations vitiated the insurance and denied recovery.

As ground for reversal appellant urged error by the court in admitting the application in evidence in that (1) it was not attached to the policy as assertedly required by the Illinois Insurance Code, section 154 (Ill. Rev. Stat. 1967, ch. 73, par. 766), and (2) a copy was not furnished

Schafer or his beneficiary prior to his death as required under the basic group policy.

The parties disagree as to whether section 154 which is found in article IX of the Insurance Code dealing with "Provisions Applicable to all Companies," was intended to apply to group life insurance transactions. Group life insurance is dealt with in article XIV, section 230 *et seq.* (Ill. Rev. Stat. 1967, ch. 73, par. 842 *et seq.*)

It is not necessary to construe these statutes because contractual provisions of the policy itself are decisive of the issue without reading into the policy any statutory mandate.

■■ The group life insurance policy between defendant and the bank provides:

> "Entire Contract: This policy, and the forms attached at issuance listed on the first page of this Policy, and the Master Application which is attached hereto and made a part of this policy, and the individual applications of the insured Mortgagors, if any, constitute the entire contract of insurance. All statements made by the Master Policyholder or any insured Mortgagor shall be deemed representations and not warranties, and *no such statements shall be used in any contest unless a copy of the instrument containing the statement is, or, has been furnished to such person or to his beneficiary.*" (Italics supplied.)

The defendant neither offered any evidence nor contended that a copy of Schafer's application was furnished in any manner prior to Schafer's death.

■■ The purpose of such a provision is to provide an opportunity to review the application while the insured is still alive and to correct misstatements which may appear therein. The provision may not be complied with by furnishing a copy after insured's death as it is then too late to serve this purpose. (Meyer, Life and Health Insurance Law § 6:8 (1972).) *Coleman v. Aetna Life Insurance Co.* (7th Cir. 1958), 261 F.2d 296, 299, 72 A.L.R.2d 688, is not persuasive to the contrary. The construction in favor of the insurer was made without discussion of the purpose of the provision for furnishing a copy, without citation of authority, and without discussion of the general rule of construction favoring insured.

The order for summary judgment is reversed and the cause remanded to the trial court with direction to vacate the summary judgment for defendant and to proceed with the cause.

Reversed and remanded.

SCOTT, P. J., and STOUDER, J., concur.