Katharine Alperin, Plaintiff-Appellant, *v.* National Home Life Assurance Company *et al.,* Defendants-Appellees.

(No. 61222;

First District (5th Division)—September 12, 1975.

Harry Shriman, of Shriman & Feldman, of Chicago, for appellant.

Kirkland & Ellis, of Chicago (Raymond R. Cusack and Gary M. Elden, of counsel), for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from a judgment entered in defendants' favor on a mortgage protection life insurance contract. She contends that defendants: (1) failed to prove fraud or misrepresentation by the insured in the procurement of the policy, (2) failed to establish that a medical report containing the alleged misrepresentations was attached to insured's policy at issuance, and (3) are barred by their answer from relying upon any misrepresentations contained in the medical report.

The pertinent facts on appeal are as follows:

Stanley Alperin, the insured decedent, and plaintiff, his wife, were joint mortgagors under a mortgage from defendant Fairfield Savings and Loan Association (Fairfield). On November 14, 1968, the insured procured a mortgage protection life insurance contract from defendant National Home Life Assurance Company (National). Defendant National Old Line Insurance Company assumed all obligations of National under the contract in January, 1970.

Doctor Seymour Fiskin, insured's personal physician, testified that he had treated insured for chest pains, angina, and hypertension from May, 1967, until the date of his death. On October 10, 1968, just 14 days before insured completed the medical examination required by National, Dr. Fiskin specifically treated insured for angina. Another doctor had also been treating insured for Bell's Palsy for 15 years prior to his death.

Nevertheless, in his application for insurance, insured denied that he knew of any impairment in his health or physical condition, that he had ever been treated for a heart disease, and that he had consulted with any physician in the previous five years. After a medical examination conducted by Doctor Edgardo Paguio, insured signed the medical examiner's report in which he again denied that he had chest pains, angina pectoris, or heart disease, that any physician ever found his blood pressure above normal, and that he had consulted with a physician for the past 5 years for any other causes.

After the insured's death on February 8, 1970, National rejected plaintiff's claim for benefits under the contract on the grounds that insured had misrepresented the true condition of his health both when he applied for insurance and when he was examined by National's doctor.

Plaintiff filed a complaint for an accounting and other relief alleging the existence of the insurance contract and the non-payment of the death benefit. Defendants answered and affirmatively defended on the grounds of misrepresentation by insured at the time he applied for coverage.

Lance Keller, an underwriter for National, testified that he reviewed

insured's application and medical report. He stated that he would not have approved the insurance contract if he had known the true condition of insured's heart. He further testified that after he approved the contract he attached both the application and the medical report to the policy.

John Vitek, the Secretary for Fairfield's insurance servicing agency, testified that he received the original and a duplicate contract consisting of the insurance policy, the application and the medical report, and that he forwarded the duplicate contract to insured.

## Opinion

■■ Plaintiff first contends that defendants failed to prove any fraud or misrepresentation by the insured when he procured the insurance contract. A fraudulent intent to deceive is not required when the misrepresentation is shown to materially affect either the acceptance of the risk or the hazard assumed by the company. (*Campbell v. Prudential Insurance Co.*, 15 Ill.2d 308, 155 N.E.2d 9; *Western & Southern Life Insurance Co. v. Tomasun*, 358 Ill. 496, 193 N.E. 451.) Therefore, the lack of evidence showing fraud would not of itself defeat defendant's affirmative defense.

Insured denied in his application for insurance that he knew of any impairment in his health, that he had been treated for heart disease, and that he had consulted with a physician in the five years prior to his application. When insured was examined by National's physician, Doctor Edgardo Paguio, he again denied the existence of any heart disease although he admitted to treatment for Bell's Palsy. Insured signed the misleading medical report at the conclusion of the examination. In light of the prior and continuing treatment for Bell's Palsy, chest pains, hypertension, and angina, insured clearly misrepresented the true state of his health both at the time he applied for insurance and when he later submitted to a medical examination.

The materiality of this misrepresentation to the risk assumed by the company was established when National's underwriter testified that the contract would not have been accepted if the true condition of insured's heart had been known.

■■ Plaintiff next contends that defendant failed to prove the medical report containing the misrepresentations was attached to the insurance contract and was therefore inadmissible. Section 154 of the Illinois Insurance Code (Ill. Rev. Stat. 1973, ch. 73, par. 766) provides in pertinent part that:

> "No misrepresentation or false warranty made by the insured or in his behalf in the negotiation for a policy of insurance, or breach of a condition of such policy shall defeat or avoid the

policy or prevent its attach'ng unless such misrepresentation, false warranty or condition shall have been stated in the policy or endorsement or rider attached thereto, or in the written application therefor; of which a copy is attached to or endorsed on the policy, and made a part thereof."

The purpose of attaching the application and medical report is to give notice to the insured so that he can review all previous statements while alive and correct any misstatements which may appear therein. (*Schafer v. Valley Forge Life Insurance Co.*, 23 Ill.App.3d 47, 318 N.E.2d 308.) Even if we were to assume that the misrepresentations in the application alone were not sufficient to put insured on notice, we would reverse the factual determination that the medical report was attached to the policy only if the trial court's finding was clearly against the manifest weight of the evidence.

National's underwriter testified that he attached the medical report to the policy. Fairfield's Secretary testified that he saw the report attached to the policy and forwarded the duplicate to insured in that form. Conflicting evidence as to who actually sent the duplicate contract to insured does not dispose of the primary issue of attachment itself. The cover letter forwarding the contract to insured refers to the life insurance policy and to the mortgage loan by number, and tends to strengthen the Secretary's testimony that he saw the medical report attached to the pol'cy. The trial judge weighed the credibility of the witnesses and their ability to recall this particular transaction and found the report to have been attached. We cannot say that this finding was against the manifest weight of the evidence.

■■ Plaintiff's final contention is that defendants admitted the non-attachment of the medical report in their answer and, therefore, are barred from offering evidence of misrepresentations contained therein. When a party specifically admits a fact in the pleadings, he is conclusively bound and may not introduce contrary evidence. (*Holsinger, Theis & Co. v. Holsinger*, 329 Ill.App. 460, 69 N.E.2d 360.) An admission of a fact contained in an exhibit attached to a pleading has the same effect. Ill. Rev. Stat. 1973, ch. 110, par. 36; *Lipschultz v. So-Jess Management Corp.*, 89 Ill.App.2d 192, 232 N.E.2d 485.

Plaintiff's complaint alleged that plaintiff and insured received from National "a policy of Life Insurance, including, as part of the policy, the application referred to." Defendants' admission of the allegation did not bind them to the fact that the application was the only item attached to the policy, but rather that the application was, in fact, included.

Plaintiff's reliance on *Freburg v. Coronet Insurance Co.*, 96 Ill.App.2d 39, 238 N.E.2d 174, is unfounded. It that case it was undisputed that the

application never left the file of the insurance company, and, therefore, was never attached to the policy. In the instant case, plaintiff's final contention is based not on the evidence adduced at trial, but on the pleadings alone. The answer does not admit the nonattachment of the medical report. Moreover, defendants have argued the attachment, consistent with their pleadings, through the trial and on appeal.

For the reasons stated above the decision of the circuit court is affirmed.

Affirmed.

BARRETT, P. J., and DRUCKER, J., concur.