ECONOMY FIRE & CASUALTY COMPANY, Plaintiff-Appellant, *v.* DOROTHY THORNSBERRY, Adm'r of the Estate of Cecil Ray Thornsberry, Deceased, *et al.*, Defendants-Appellees.

Fifth District   No. 78-277

Opinion filed December 11, 1978.

Charles R. Jelliffe, of Jelliffe & Ferrell, of Harrisburg, for appellant.

Robert Michael Drone and Ivan A. Elliott, Jr., both of Conger & Elliott, of Carmi, for appellee Dorothy Thornsberry.

David M. Uhler, of Norton, Bonifeld & Associates, P. C., of Belleville, for appellees Nina Lyn Gunderson *et al.*

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:
This action was brought by the plaintiff, Economy Fire & Casualty Company, in the circuit court of White County, seeking a declaratory judgment to the effect that a certain policy of insurance issued by the plaintiff was void by reason of material misrepresentations of the insured in procuring a certain automobile insurance policy. The plaintiff alleged that the insured, Cecil Ray Thornsberry, in applying for the policy of insurance materially misrepresented that he was not afflicted by any physical or mental impairment, when in fact he was totally disabled from epilepsy. It is further alleged that Cecil Ray Thornsberry was involved in an automobile collision in which he was killed and three other persons were injured. Thereafter this proceeding was brought by the plaintiff

insurer. The administrator for the insured was named as defendant, as were the three injured persons.

During the pleading stage, the defendant administrator, as provided by Supreme Court Rules, served upon the plaintiff a request to admit that a copy of the application for insurance of the insured, Cecil Ray Thornsberry, was not attached to the policy of insurance. The plaintiff admitted that it was not so attached.

Defendant administrator then moved for summary judgment on the ground that the request for admission revealed that the application was not physically attached to the insurance policy, and that accordingly, by virtue of the provisions of section 154 of the Illinois Insurance Code (Ill. Rev. Stat. 1977, ch. 73, par. 766), the plaintiff was not entitled to rely on the alleged misrepresentations because they were not stated in the insurance policy, or endorsement, or rider attached thereto, or in the written application thereof with a copy attached to the policy of insurance. The court granted the motion and entered summary judgment in favor of the defendant administrator. This appeal is from that judgment.

The issues presented for review by the plaintiff are whether defendant is entitled to a summary judgment merely because the material misrepresentations contained in the declaration of the application for insurance were not physically attached to the policy of insurance, and secondly, whether the statute requiring a physical attachment of the application containing the alleged misrepresentations is an arbitrary classification and therefore in violation of the constitutional guarantees of due process and equal protection under the law.

It is our opinion that the judgment entered in the circuit court of White County should be affirmed.

The pertinent statutory provision provides:

"No misrepresentation or false warranty made by the insured or in his behalf in the negotiation for a policy of insurance, or breach of a condition of such policy shall defeat or avoid the policy or prevent its attaching unless such misrepresentation, false warranty or condition shall have been stated in the policy or endorsement or rider attached thereto, or in the written application therefor, of which a copy is attached to or endorsed on the policy, and made a part thereof. No such misrepresentation or false warranty shall defeat or avoid the policy unless it shall have been made with actual intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the company. This section shall not apply to policies of marine or transportation insurance." Ill. Rev. Stat. 1977, ch. 73, par. 766.

■■ The plaintiff asserts technical compliance with the statutory provisions in that the policy of insurance provides that the declarations of the insured were made a part of the policy. This is not sufficient to comply with the dictates of the statutory provisions. In *Freberg v. Coronet Insurance Co.*, 96 Ill. App. 2d 39, 43, 238 N.E.2d 174, 176, the court in applying the statute stated:

> "It is undisputed that the applications containing the alleged misrepresentations were not made a part of the insurance policies * * * . Upon this evidence the plain language of the statute bars the defendant Coronet from using the alleged misrepresentations contained in the application as a defense." Also see *Loving v. Allstate Insurance Co.*, 17 Ill. App. 2d 230, 236, 149 N.E.2d 641.

■■ The purpose in public policy surrounding such a provision has been thoroughly examined by our supreme court. It is sufficient to say that the Illinois Supreme Court has held that the provision is a valid exercise of the regulatory power of the State over insurance companies. *Holfeld v. Nationwide Life Insurance Co.*, 59 Ill. 2d 522, 322 N.E.2d 454.

Likewise, it has been held by our supreme court and the United States Supreme Court that such a statute was an appropriate area for State legislation. *North American Insurance Co. v. Yates* (1905), 214 Ill. 272, 276, 278; *Northwestern National Life Insurance Co. v. Riggs* (1906), 203 U.S. 243, 254-55, 51 L. Ed. 168, 173, 27 S. Ct. 126, 128.

Judgment affirmed.

KARNS and KUNCE, JJ., concur.