SZABO FOOD SERVICE, INC., Plaintiff-Appellant, v. THE COUNTY OF COOK *et al.*, Defendants-Appellees.

First District (3rd Division)   Nos. 86—3541, 86—3610 cons.

Opinion filed August 26, 1987.

William R. Carney, George J. Casson, Jr., and John P. Morrison, all of Chicago (Bell, Boyd & Lloyd, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Susan Condon and Patricia M. Shymanski, Assistant State's Attorneys, of counsel), for appellee County of Cook.

Sidley & Austin, of Chicago (James A. Hardgrove, Alan F. Curley, and Alan R. Dolinko, of counsel), for appellee Canteen Corporation.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff Szabo Food Service, Inc., sued for an injunction to prevent defendant Canteen Corporation from employing four of Szabo's former managers in the food operations of Cook County jail. Szabo requested a temporary restraining order; the trial court denied the request, and Szabo appealed. Szabo then moved for a preliminary injunction, which the trial court also denied, and again Szabo appealed. The appeals were consolidated for oral argument.

On September 1, 1982, Szabo entered into a contract with defendant Cook County (the county) in which Szabo agreed to provide food service to the Cook County Department of Corrections at the Cook County jail (the jail). In the contract, the county agreed that,

"without specific permission of SZABO, no managerial employee of SZABO will be hired by the COUNTY for the period of this Agreement and six (6) months thereafter, nor will COUNTY permit former managerial employees of SZABO to be employed in COUNTY food service facilities for a period of six (6) months subsequent to the termination of this Agreement."

Szabo alleged in its complaint that in 1986, Walter Zemgulis, John Becht, Ronald Fitzgerald, and Willie Wright, Jr., were all managerial employees of Szabo working at the jail. Zemgulis was the jail's food service director, Becht was the computer coordinator, and Fitzgerald and Wright were assistant food service directors. In 1986 the county awarded a contract for food service at Cook County jail to Canteen, a competing food service company, with service to begin on December

1, 1986, the expiration date for the county's contract with Szabo. Szabo alleged in its complaint that Becht, Fitzgerald and Wright quit their employment with Szabo on November 30, 1986, and Zemgulis quit his employment on December 4, 1986. Canteen hired all four of these managers, and all continue to work at the jail.

Szabo alleged in the complaint:

> "In providing food services at the Cook County Jail, Szabo has developed, at substantial expense and investment, specialized procedures, systems, methods and data. These specialized procedures include: computerized, automated and other techniques in food preparation, distribution, and purchasing and menu planning.
>
> ***
>
> Zemgulis, Becht, Fitzgerald and Wright have had access to Szabo's confidential information through their employment with and training by Szabo."

In count I of its complaint, Szabo charges that the county has breached its contract by permitting these persons to work at the jail as employees of Canteen. Szabo alleged that it suffered detriment because Canteen acquired confidential information about Szabo's procedures, and Szabo lost the services of the four managers whom it had trained at substantial expense to itself. In counts II and IV Szabo charged the county and Canteen, respectively, with tortiously inducing the four managers to terminate their employment with Szabo. In count III Szabo charged Canteen with tortiously inducing the county to breach its contract with Szabo.

The trial court denied Szabo's motion for a temporary restraining order on grounds that Szabo did not establish that it had a protectible interest in enforcement of the covenant in its contract with the county because that covenant was contrary to public policy. The court also found that Szabo did not show that it would suffer irreparable injury without the injunction or that it was likely to succeed on the merits. The trial court subsequently denied the motion for a preliminary injunction without an evidentiary hearing on grounds that even if Szabo were to prove the facts it alleged, it would not establish its right to a preliminary injunction.

■ On appeal Szabo contends that the trial court improperly denied its motions for a temporary restraining order and for a preliminary injunction. A party seeking preliminary injunctive relief must establish: (1) that it has a certain and clearly ascertained right which needs protection; (2) that it will suffer immediate and irreparable harm if injunctive relief is denied; (3) that there is no adequate rem-

edy at law; and (4) that it is likely to succeed on the merits of the case. (*Packard Instrument Co. v. Reich* (1980), 89 Ill. App. 3d 908, 915, 412 N.E.2d 617.) The decision to grant or deny preliminary injunctive relief rests within the sound discretion of the trial court, and the appellate court will reverse that decision only if the trial court has abused its discretion. *Junkunc v. S. J. Advanced Technology & Manufacturing Corp.* (1986), 149 Ill. App. 3d 114, 118, 498 N.E.2d 1179.

Szabo argues that it has established three certain and clearly ascertained rights in need of protection: (1) it has the right to have the covenant in its contract with the county enforced; (2) it has the right to protect the confidential information its managers have acquired; and (3) it has the right to retain its employees without malicious interference from its competitors.

■■ In its contract with Szabo, the county agreed not to hire any of Szabo's managerial employees for six months after the agreement expired, and it also agreed not to "permit former managerial employees of SZABO to be employed in COUNTY food service facilities" for the same period. Restrictive covenants, such as this one, are not favored by Illinois courts because of their anticompetitive effect, and thus they are strictly scrutinized. (*MBL (USA) Corp. v. Diekman* (1983), 112 Ill. App. 3d 229, 237, 445 N.E.2d 418.) The courts will enforce a restrictive covenant only if its impact on the parties to the contract and the public is reasonable. *Hydroaire, Inc. v. Sager* (1981), 98 Ill. App. 3d 758, 764, 424 N.E.2d 719.

Szabo contends that the decision in *American Food Management, Inc. v. Henson* (1982), 105 Ill. App. 3d 141, 434 N.E.2d 59, establishes its right to have this covenant enforced with a preliminary injunction. In *Henson* a food service company provided food for a dormitory pursuant to a contract in which the dormitory agreed not to hire management employees of the food service company for one year after the contract expired. The appellate court affirmed the trial court decision to enter a preliminary injunction to prevent one of the company's managers from beginning to work for the dormitory less than one year after the expiration of the contract. 105 Ill. App. 3d 141, 147-48, 434 N.E.2d 59.

■■ The contract in the case at bar, like the contract in *Henson*, required the county not to hire Szabo's managers. However, the covenant at issue in this case also appears to restrict the right of Canteen, not the county, to hire former managers of Szabo to work for its operations at the jail, despite the fact that neither Canteen nor the former managers of Szabo were parties to the contract containing this covenant. Neither *Henson* nor any other case that has come to our atten-

tion validates a restrictive covenant which prevents two persons who are not parties to the contract which contains the covenant from entering into an employment contract. Szabo has not alleged that the county used Canteen as a surrogate to evade the restriction prohibiting the county from hiring Szabo's managers. We find that the covenant at issue herein creates an unreasonable restriction on the freedom of contract of members of the public (*i.e.*, of persons who are not parties to the contract containing the covenant), and therefore the covenant is not enforceable. *Hydroaire, Inc. v. Sager* (1981), 98 Ill. App. 3d 758, 764, 424 N.E.2d 719.

Szabo maintains that it has a clearly ascertained right to prevent its competitors from acquiring its confidential information. Szabo alleged in its complaint that its managers had confidential information regarding "computerized, automated and other techniques in food preparation, distribution, and purchasing and menu planning." At hearing on the motion for a temporary restraining order, Szabo's counsel explained that Szabo had formulated

"specialized procedures involved in purchasing in high quality, in keeping food fresh and having it delivered from sources around the country and to be able to deliver five thousand meals a day, every day and on time and do it for about ninety cents a meal.

There is coordination of delivery, prevention of spoilage, inventory control; there are extremely specialized recipes which I mentioned. Many inmates at the Cook County Jail, because of their religious beliefs, cannot eat pork, they cannot eat Jell-0, which is made from pork broth, in conformance with their religious beliefs.

So specialized food such as turkey-bacon has been developed. There are cooking procedures—when to take vast quantities of food out of the freezer, when to put them in the cooler, when to begin cooking in 150 gallon kettles, and how to distribute on time to the inmates throughout the institution all of this food and have it hot and of the proper nutritional value and proper volume."

The trial court held that even if Szabo were allowed to prove these allegations, it would not have proved that it had confidential information beyond the knowledge of institutional food services generally. Moreover, the court noted that Szabo failed to treat this information as confidential; Szabo admitted that it had no restrictive covenants in its contracts with its managers, and they would be able to work for Canteen on any project other than the food service at the

jail. If those managers were to work for Canteen or any other food service, Canteen would acquire Szabo's confidential information just as effectively as it acquired that information in this case. Szabo had preserved the confidentiality of its information regarding its computer systems since Szabo removed its computers, and Szabo has not alleged that Canteen will have access to Szabo's programs without its computers. The trial court found that the restriction which Szabo seeks to enforce cannot protect its trade secrets; it can only make competition for the food service contract for the jail more difficult. (See *Hydroaire, Inc. v. Sager* (1981), 98 Ill. App. 3d 758, 765, 424 N.E.2d 719.) From this evidence the court concluded that Szabo could not prove that it was protecting confidential information. We agree, and therefore we conclude that even if Szabo proved that which its counsel stated it would prove, it would not establish that it had confidential information which it had a right to protect.

Szabo also contends that it has a clearly ascertained right to retain its managers without the interference of its competitors; this right is protected by the law regarding tortious interference with employment contracts. (*B. R. Paulsen & Co. v. Lee* (1968), 95 Ill. App. 2d 146, 153, 237 N.E.2d 793.) However, even if Szabo has this right, it must also establish that it will be irreparably injured unless a restraining order or preliminary injunction is entered. *Packard Instrument Co. v. Reich* (1980), 89 Ill. App. 3d 908, 915, 412 N.E.2d 617.

Although Szabo alleged that it would lose the services of the four managers, the facts it sought to show in support of its motions for injunctive relief could not establish that the loss of their services would cause Szabo irreparable injury. Szabo can no longer employ the managers in the positions that they last held as employees of Szabo, since Szabo lost the food service contract for the jail. Although Szabo alleges that it is willing to employ the four managers in positions comparable to those they left, it has not sought to prove any facts from which we could conclude that it will suffer irreparable injury if the four managers do not accept the new positions Szabo is willing to offer them.

■ Szabo also argued that it would suffer irreparable injury if Canteen hired its managers, because it would lose the confidentiality of its trade secrets. We have already held that even under the facts Szabo wished to prove at an evidentiary hearing, it would not have shown that it had any confidential information. Consequently, we find that Szabo has failed to allege facts which would compel us to conclude that it would be irreparably injured unless an injunction is entered to prevent Canteen from hiring its former managers.

In sum, Szabo does not have a clear right to enforcement of the restrictive covenant in its contract with the county; the facts it sought to prove at hearing on the motion for preliminary injunction were inadequate to establish that it had any confidential information which it needed to protect; and it did not establish that it would suffer irreparable injury if the trial court did not prevent its employees from terminating their employment with Szabo. Therefore, we hold that the trial court did not abuse its discretion in denying Szabo's motions for a temporary restraining order and a preliminary injunction.

Affirmed.

McNAMARA, P.J., and RIZZI, J., concur.